## Rowan *versus* Rowan.

Where a declaration in an action *ex contractu*, charges two persons jointly, there can be no recovery unless a joint liability be proved.

Where one in possession of personal property, claimed by another, sells a part of it to a third person, the purchaser does not become liable to the claimant, in a joint action of *assumpsit* with the seller, for the price of the property.

ERROR to the Common Pleas of *Somerset county*.

This was an action of *assumpsit* brought by A. J. Colborn, administrator of Perry Rowan, deceased, against Joseph Lichty and Sarah Rowan, to recover the value of certain cattle.

Stewart Rowan died about the year 1845, having devised his farm and all the personal property thereon to his wife Sarah. She continued to reside on the farm with her son, Perry Rowan, until he died in 1854.   At the appraisement held of his property, Colborn, the administrator, claimed certain articles of personal

property as belonging to the intestate; but Sarah Rowan, claiming them as her own, refused to give them up to the administrator. She afterwards sold a part of them to Joseph Lichty. The plaintiff then brought this suit against Lichty and Mrs. Rowan, to recover the value of the property, which he alleged belonged to his intestate.

The defendant requested the court to instruct the jury, that there being no evidence that Lichty ever received any part of the property, there is such a misjoinder of parties as will prevent a recovery.

The court then permitted the plaintiff to call a witness, who testified that Lichty had told him that he had bought some of the cattle in dispute from Mrs. Rowan, and had sold them for less than he had paid for them, and also some shingles.

The court below (KIMMELL, P. J.) answered the point—"if the fact be as stated, that Lichty never carried away any of the property in dispute, then the plaintiff cannot recover. The law is properly stated, the facts we submit to you."

The jury found for the plaintiff $257, and judgment was entered upon the verdict.

The defendants thereupon took this writ, and assigned, that the court erred in not instructing the jury, that as the evidence did not show a joint liability upon the part of the defendants, there was such a misjoinder of parties as precluded the plaintiff from recovering in the present action.

*Hugus* and *Gaither*, for plaintiffs in error, cited and relied on 1 *Chitty's Pl.* 44; Kitz *v.* Reutler, 2 *W.* 233.

*Coffroth*, for defendant in error, cited Meyers *v.* Hart, 10 *Watts* 107.

The opinion of the court was delivered by

ARMSTRONG, J.—This was an action of *assumpsit* brought by Colborn, administrator of Perry Rowan, deceased, against Joseph Lichty and Sarah Rowan. It was founded on contract, and could be sustained only on proof of a joint liability or assumption on the part of both. Sarah Rowan, by the will of her husband, Stewart Rowan, who died in May, 1845, took a life estate in the farm on which her husband lived at the time of his death, and also in all his personal property. Sarah the widow, and her son Perry, continued to reside on the farm, though in different houses, until the death of the latter, up to which time he farmed the place for his mother. After the death of Perry Rowan, his administrator claimed that the personal property, for the value of which this suit was brought, belonged to his intestate, whilst Sarah Rowan, one of the defendants below, claimed that the property was her

[Rowan v. Rowan.]

own.   How far *she* was liable to the administrator of her son, is
not a question we are called to pass upon here.  It is the liability
of Joseph Lichty, as joint defendant, that is contested.  After the
evidence closed, the defendant's counsel requested the court to
charge the jury, "that there having been no evidence offered
showing that Joseph Lichty, one of the defendants, ever received
any of the property there is such a misjoinder as will prevent a
recovery; therefore the verdict must be for the defendants."

The court then permitted the plaintiff's counsel to recall Otho
S. Mitchel, who proved that "Lichty told him, last spring, that
he got the cattle from Mrs. Rowan, and sold them for less money
than he gave for them."   Upon this evidence the court replied
to the plaintiff's point as follows: "We instruct the jury, in
answer to the above prayer, that if the fact be as stated, that
Lichty never carried away any of the property in dispute, then
the plaintiff cannot recover.  The law is properly stated; the fact
we submit to you."   Now the evidence did not prove that Joseph
Lichty ever received, or carried away from the plaintiff, any of
the property in dispute, but only that he got cattle from Mrs.
Rowan by purchase and paid for them.  When he got them—
how many—and of what value, is not shown.  Nor was there any
evidence of a taking or receiving of the property of plaintiff, by
the defendants jointly.   Had Mrs. Rowan taken certain property
of the plaintiff at one time, and Joseph Lichty certain other pro-
perty at another time, this would not make them liable to a joint
action.  From the answer of the court the jury might fairly have
understood, that if Lichty *did* carry away any of the property,
no matter under what circumstances, whether by purchase from
Sarah Rowan, whether by joint act with her or otherwise, plain-
tiff might recover.  This is not the law.  "When a declaration
charges two persons jointly, there can be no recovery unless a
joint liability be shown:" Schoneman v. Fegley, 7 *Barr* 433.
Sarah Rowan was in possession of the cattle she sold to Lichty,
and his purchase of them did not make him jointly liable with her
to the plaintiff in an action of *assumpsit.*  If it did, Lichty's
vendee (to go no further) might also be joined.  It is enough to
say that no contract is shown between Lichty and the plaintiff,
nor was there any proof of any assumption or promise to pay him
anything.  Yet the court allowed the jury to find a joint contract
without any evidence to support it.

Judgment reversed and *venire de novo* awarded.