## Peter *versus* Schlosser.

1. One having a claim exceeding $100 cannot give jurisdiction to a justice by allowing a credit of a distinct and independent debt so as to reduce it under $100.

2. If the debt has been reduced by direct payments to a sum not exceeding $100, the justice has jurisdiction.

3. No part of the principal of a debt can be thrown away in order to give the justice jurisdiction.

4. The spirit and intent of the act is that a justice shall not investigate and consider any claim exceeding $100.

5. It is not the amount of the judgment, but of the demand that gives the justice jurisdiction.

6. No delay in making the objection nor consent can give jurisdiction; the objection may be made after trial and verdict in court.

March 20th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lehigh county:* Of July Term 1875, No. 40.

This case was originally commenced before a justice of the peace, of whose proceedings the following is a transcript:—

" Benjamin Schlosser
         *v.*
   Santee Peter.

" Civil suit.  Summons issued December 9th 1871, to the constable, &c. * * *  Returnable the 16th of December.  December 11th 1871, plaintiff claims as follows:  Sold to the defendant twenty-one square of slate, at $5.50 per square, amount $115.50; two load chips, at 50 cents a load, amount $1; one log, twenty-four feet, at seven cents. per foot, amount $1.68; one load wood, $2; four cord wood, at $2 per cord, amount $8; four logs, sixty-four feet in all, at 15 cents per foot, amount $9.60.  Whole amount of claim, $137.78.  And now, December 16th 1871, parties appeared, but could not agree.  Adjourned by consent of the two parties, to meet again on the 30th of December, at 12 o'clock noon. * * *  And now, December 30th 1871, parties appear. Defendant claims an offset for the following items: Hauling 427 sills, at six cents a piece, amount $25.62; one day hauling sills $5.45; eleven days hauling logs, at $5 per day, amount $55; cash paid to the plaintiff, $20; corn delivered to plaintiff, $1.27. Whole amount of claim, $107.34.  Four witnesses sworn for plaintiff and four witnesses for the defendant.  After hearing the parties and their witnesses, I have made a deduction of fifty cents a square on nineteen squares of slate, and a deduction of $1.50 a day on the hauling of the logs, leaving the plaintiff claim the amount of $128.28, and the defendant claim $90.84, leaving a balance of $37.44 in favor of the plaintiff.  Therefore judgment in favor of the plaintiff for $37.44, and costs of suit."

The defendant appealed to the Court of Common Pleas, on the 29th of February 1872.

[Peter *v.* Schlosser.]

The cause was tried April 27th 1875, before Longaker, P. J.

The plaintiff gave in evidence the transcript of the justice.

The paper-books show that much evidence was taken on both sides as to the amounts.

In the course of the trial, the defendant asked the court to direct a nonsuit, on the ground that the transcript showed that the claim of the plaintiff was more than $100, and therefore the justice had no jurisdiction. The motion was refused.

The defendant submitted a number of points, two of which asserted that the justice had no jurisdiction. The points were denied, and with the answers were filed; but the record did not show that any exceptions were taken. The record showed that the court refused " to take the case from the jury for want of jurisdiction in the justice."

The verdict was for the plaintiff.

The defendant took a writ of error.

He assigned for error, the refusal to order a nonsuit, the refusal to dismiss the case for want of jurisdiction, and the answers to his points.

*J. D. Stiles*, for plaintiff in error.—The court should have dismissed the case upon motion. Neither laches nor consent can give jurisdiction: Collins *v.* Collins, 1 Wright 387; Borland *v.* Ealy, 7 Id. 111; Funk *v.* Ely, 2 P. F. Smith 442. A justice has no jurisdiction of a disputed set-off exceeding in amount $100: Milliken *v.* Gardner, 1 Wright 456.. One who has a demand exceeding $100 cannot. give jurisdiction to a justice of the peace for its recovery, by allowing a set-off or counter demand of the defendant, so as to reduce his claim below $100: Stroh *v.* Uhrich, 1 W. & S. 57. The docket of a justice is the best evidence to show the cause of action before him ; and parol evidence is not admissible to *contradict* or *vary* it: Coffman *v.* Hampton, 2 W. & S. 387.

*E. J. More*, for defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, May 8th 1876.

The record does not show any exception to the charge, nor to the answer of the court, on the points submitted. The only question then is, whether the record shows want of jurisdiction ?

The case originated before a justice of the peace by summons, under the Act of 1810. By that act jurisdiction is given to a justice of the peace only "in cases where the sum demanded is not above $100." A creditor who has a claim on. his debtor exceeding $100, cannot give jurisdiction to a justice by allowing a credit to the defendant of a distinct and independent debt, so as to reduce his own demand below $100: Stroh *v.* Uhrich, 1 W. &. S. 57. However large the claim may have been, yet, if it has been reduced by direct payments to a sum not exceeding $100, the jus-

[Peter *v.* Schlosser.]

tice has jurisdiction: Collins *v.* Collins, 1 Wright 387. But no part of the principal can be thrown away in order to give the justice jurisdiction: Evans *v.* Hall, 9 Id. 235. The true spirit and intent of the act is, that the justice shall not investigate and consider any claim exceeding the sum mentioned in the act. It is not the amount of the judgment which gives jurisdiction. It is, in the words of the act, "the sum demanded." When the defendant is brought before the justice by adverse process, and the amount in controversy exceeds the jurisdiction of the justice, no mere delay in making the objection can give jurisdiction. As consent cannot give it, the objection may be made after trial and verdict in court: Collins *v.* Collins, *supra.*

The question then, in this case is, did the sum demanded "exceed $100?"

The transcript shows that the summons issued December 9th 1861 was returnable on the 16th. December 11th plaintiff filed his claim for goods sold; "whole amount of claim, $137.78." On a second meeting of the parties, and after hearing testimony, the transcript further states that the justice made a deduction, "leaving the plaintiff's claim the amount of $128.28." The defendant below claimed set-off, and the judgment was in favor of the plaintiff for $37.44.

Thus it is shown by the record, the only sum demanded or claimed by the plaintiff was $137.78. The justice examined and investigated that claim. On the trial the justice, not the plaintiff, reduced the claim or sum demanded to $128.28. At no time was the sum demanded brought within the limits fixed by the Act of Assembly. The plaintiff's claim was not reduced by any evidence, given either by himself or by the defendant, of payment. It was reduced solely by separate and distinct items of set-off. Jurisdiction cannot thus be given: Bower *v.* McCormick, 23 P. F. Smith 427.

Judgment reversed.