# Clark Wade, Appellant, *v.* W. A. Hook and Thomas Hook, Assignees of R. I. Hook.

*Justice of peace—Appeal—Practice, C. P.*

A defendant, against whom a judgment has been legally rendered by a justice of the peace, may not pay so much of the said judgment as he admits to be due and appeal from the remainder, otherwise the cause of action would not, as it must, be identically the same as before the justice.

Argued April 19, 1899.   Appeal, No. 91, April T., 1899, by plaintiff, from judgment of C. P. Greene Co., Jan. T., 1898, No. 185, on verdict for defendants. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Reversed.   Opinion by BEAVER, J.

Appeal from judgment of justice of peace.   Before CRAW-FORD, P. J.

It appears from the record and the evidence that plaintiff brought suit against the assignees of R. I. Hook for several distinct items; one item being for manual labor contracted for, as was alleged, by the assignees, and the second and third being based on damages resulting to the plaintiff by reason of the surrender by plaintiff to the assignees of the leased premises on the promise of the use of another tenant house upon the same land and certain other privileges.   This agreement of the assignees, it was alleged by the plaintiff, was not carried out and resulted in damages to the plaintiff of $32.50.   Judgment was duly obtained before a justice after which defendants paid to the justice the amount of the item claimed for manual labor and appealed from the rest of the judgment.

At the trial of the case in the common pleas plaintiff submitted no evidence and the court directed a verdict for defendants.   Plaintiff appealed.

*Errors assigned* among others were (1) in overruling and dismissing the plaintiff's motion to dismiss, quash or strike the appeal from the record, which motion and reasons in support thereof, order overruling and dismissing the same and excep-

tion are as follows: "And now, January. 22, 1898, comes the plaintiff and moves the court to dismiss, quash, or strike this appeal from the record and files in support of this motion the following reasons: Because the defendants, as shown by the transcript, have not appealed from the judgment of the justice in the way and manner provided by law and said appeal, so-called, is therefore void. Because the defendants, as shown by the transcript, have not appealed from the whole judgment of the justice but defendants have attempted to pay a part of said judgment, to wit: $2.75, to the justice and appeal from the rest of the above judgment which is without authority in law. Because to permit said appeal to stand would prevent a trial of the case in court upon its merits as provided by law. Because to permit said appeal to stand would be to try, not the whole cause which was before and tried by the justice, but only a part of the cause so heard and tried. Because the case could not now be tried de novo. Because the defendants cannot appeal from a part of a judgment of a justice but must appeal from the whole judgment of the justice, there being no provision in the law for appeal from a part or the rest of the judgment. And now, September 5, 1898, after hearing and consideration of this matter it is ordered and directed that the motion to quash the appeal from the justice of the peace taken by the above defendants, which motion was filed in this court January 22, 1898, be and the same is hereby overruled and dismissed, and said appeal to stand and the case to be heard in its turn with other cases before this court.

"And now September 5, 1898, the plaintiff excepts to the foregoing order and at his instance bill of exception sealed." (2) In overruling the plaintiff's objections to swearing a jury in this case which objections and order overruling the same and exception are as follows: "And now November 23, 1898, comes the plaintiff, before jury sworn, and objects to the swearing of a jury in this case for the following reasons: 1. Because the defendants, as shown by the transcript of appeal, have not appealed from the judgment of the justice in the way and manner provided by law and the said appeal, so called, is void. 2. Because the defendants, as shown by the transcript of appeal, have not appealed from the whole judgment of the justice but have recognized said judgment by the payment of a part thereof, to wit: $2.75 to

the justice and appealed from the rest of the judgment which is without authority in law. 3. Because to permit said appeal to stand, swear a jury and try the cause, would prevent a trial of the cause in this court upon its merits and upon the same issues which were before the justice as the law provides should be done. 4. Because to now try the case would be to try, not the whole case which was tried by the justice but only a part of the case so tried and heard by him. 5. Because the defendants having paid a part of the said judgment the case cannot now be tried de novo, as the law requires. 6. Because there is no authority in law for appealing from a part of a judgment as the defendants in this case have attempted to do. 7. That this court has no jurisdiction to try this cause. 8. Because the defendants in the first paragraph of their affidavit of defense admit that after judgment rendered by the justice they paid to him $1.50, being the amount of one of the items in the plaintiff's claim in the action before the justice. 9. Because in the second paragraph of the defendants' affidavit of defense they admit that after judgment rendered by the justice they paid to him $1.00 being the amount of another item of the plaintiff's claim in the cause as it was tried before the justice. 10. The plaintiff does now and hereby renews his motion heretofore made to dismiss this appeal and denies the power of this court or its jurisdiction to try the cause. The court: Motion overruled and exception sealed for plaintiff."

*James J. Purman*, for appellant.—The single question in this case is simply this: Can the defendants, who have been sued upon four items of claim, after judgment has been rendered against them by the justice, pay to the justice a part of the judgment and appeal from the residue thereof?

The cause of action which was before the justice must remain the same in the common pleas: Owen v. Shelhamer, 3 Binn. 45; Deihm v. Snell, 119 Pa. 316; Caldwell v. Thompson, 1 Rawle, 370.

Other cases to the same effect are Schlecht v. Restein, 3 W. N. C. 95, Kuhn & Co. v. Bank, 20 W. N. C. 230, Stehley v. Harp, 5 S. & R. 543, and Farmers Bank v. Key, 54 Pac. Rep. 206.

Without going into detail, the rule deducible from the au-

thorities is this : The defendant, if he desires to escape the payment of costs, must offer to give the plaintiff a judgment, and the only evidence of such offer is the record : Siebert v. Kline, 1 Pa. 38 ; Bogart v. Rathbone, 1 Pa. 188 ; Clemens v. Gilbert, 12 Pa. 255 ; McDowell v. Glass, 4 Watts, 389 ; Dickerson v. Anderson, 4 Wh. 78.

If a justice has no jurisdiction the court of common pleas has none on appeal, and no right to try the cause : Bergman v. Roberts, 61 Pa. 497 ; Collins v. Collins, 37 Pa. 387.

*W. A. Hook*, for appellees.—We submit that the action of the court was clearly right and proper, from all that appears on the record of this case for the following reasons :

1. Before settlement of their accounts in the proper court, a justice of the peace has neither jurisdiction over assignees, nor the claims of creditors against an assigned estate.

2. The transcript and pleadings filed show that the greater part of this claim is for consequential damages, a subject-matter over which the justice was without jurisdiction.

3. The transcript fails to state that any testimony was submitted or heard by the justice in support of the plaintiff's claim, and the judgment for default is therefore void as to these defendants.

Until a settlement and decree, the assignees owe him no debt, but are trustees for the benefit of all concerned, to inquire into and collect the assets, and ascertain the claims and proportions due to each creditor : Wilhelm v. Miley, 5 S. & R. 137.

Whether the defendant appears or not, the plaintiff's claim must be sustained by evidence : Gillman v. Lear, 5 Kulp, 246 ; McCowan v. Ward, 5 Kulp, 385.

OPINION BY BEAVER, J., July 28, 1899 :

The plaintiff brought his suit before a justice of the peace, based upon four separate and distinct items, all of them arising under contracts made with the defendants, as to which the justice had jurisdiction and for all of which he rendered judgment in default of appearance against the defendants. After judgment and before the statutory period for taking an appeal had passed, " defendants appear and pay $2.75, the amount · for grubbing and assisting surveying ground, and appeal from the rest of the above judgment."

The specifications of error are numerous but are all practically rooted in one question, Can a defendant, against whom a judgment has been legally rendered by a justice of the peace, pay so much of the said judgment as he admits to be due and appeal from the remainder thereof?

"One rule to be deduced from the cases unquestionably is that on appeal, though the form of the suit may be sometimes changed, yet the substance of the plaintiff's demand—the cause of action—must be in court identically the same as before the justice:" Caldwell v. Thompson, 1 Rawle, 370. "It is true that for certain purposes a trial in the common pleas after an appeal from a justice is de novo but it is, nevertheless, a trial of the same case. The mechanical work of the trial, such as the formation of the proper issue, the production of the testimony and the decision of the questions involved is de novo but the cause of action remains the same:" Diehm v. Snell, 119 Pa. 316. The object of a trial on an appeal is to determine whether or not the plaintiff's suit was rightfully and rightly brought before the justice of the peace. The trial of the appeal must, therefore, relate to the period at which the suit was originally brought. Neither party can change the issue. The cases above referred to relate, it is true, to the act of the plaintiff and determine conclusively that the plaintiff cannot, on the trial of the appeal, change the cause of action, either as to character or amount, as originally brought, but the general principle applies as much to the defendant as to the plaintiff. If the defendant can, after judgment, pay so much thereof as he may acknowledge to be due or as may, in his judgment, be legally recoverable against him and appeal only from the remainder of the judgment, he thereby changes the cause of action and practically admits the right of the plaintiff to maintain his suit for the amount paid. He may thereby, if such a course is permissible, involve the plaintiff in the costs of an action essentially different from that from which the appeal is taken. There is not only no statutory warrant for such a proceeding but it is subversive of the general principle clearly set forth in the authorities cited and of the general provisions relating to appeals contained in the Act of March 20, 1810, 5 Sm. L. 161.

The defendants could, under the provisions of the Act of March 12, 1867, P. L. 35, at any time before trial in court,

54, (1899).]                   Opinion of the Court.

have made a tender to the plaintiff equal to the amount they admitted to be due, with all lawful costs incurred in said action up to the date of making such tender. This act was doubtless passed to secure to the defendants the practical results at which they aimed, but we know of no statutory authority and have been referred to none which authorizes a defendant to reach a similar result by the mode adopted in the present case.

It follows, from what has been said, that the appeal was illegally taken and that all subsequent proceedings are of no effect. Judgment reversed and the appeal from the judgment of the justice stricken off.