## Givens *v.* Ledebrink, Appellant.

*Justice of the peace—Jurisdiction—Amount of claim.*

On an appeal from the judgment of a justice of the peace for $300, the jurisdiction of the justice will not be ousted by evidence that plaintiff, a physician, on advice of counsel fixed the value of his services at $300, and that in making a claim against a school board for the same services, fixed the value at $420, or at the rate of $10.00 per visit for forty-two visits, there being nothing on the record to show that he ever made any other claim against the defendant than that for $300.

Argued May 10, 1906.  Appeal, No. 91, April T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1903, No. 181, on verdict for plaintiff in case of A. J. Givens v. William Ledebrink.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.  Affirmed.

Appeal from justice of the peace.  Before COLLIER, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $200.  Defendant appealed.

*Error assigned* was in submitting the case to the jury under the pleadings and evidence.

*H. I. Riley*, for appellant.—The evidence in this case shows conclusively that the plaintiff's claim was originally for $420, and that he remitted the sum of $120 in order to reduce his claim to $300, for the specific purpose of giving the justice of the peace jurisdiction; this he cannot do: Bower v. McCormick, 73 Pa. 427; Moore v. White, 11 W. N. C. 206; Peter v. Schlosser, 81 Pa. 439; McFarland v. O'Neil, 155 Pa. 260; Diehm v. Snell, 119 Pa. 316; Township v. Gordner, 109 Pa. 116.

*C. E. Theobald*, for appellee.

OPINION BY MORRISON, J., June 30, 1906:

This suit was brought before a justice of the peace to recover for professional services rendered by the plaintiff, a physician, to the stepchildren of the defendant, while they had the smallpox. Plaintiff alleged a contract with the defendant for treating the stepson, who was of full age and not a member of defendant's family. Plaintiff alleged that the stepdaughter was a minor member of defendant's family and that the treatment was rendered to her with the knowledge and consent of defendant.

Plaintiff claimed and secured judgment before the justice for $300, for forty-two visits, and there is no evidence that at any time he claimed or demanded from this defendant more than that sum. From that judgment defendant appealed. In the common pleas court plaintiff declared for $300 for professional services, etc., and defendant in his affidavit of defense denied all liability and in addition, in the last paragraph of his affidavit, said: "Affiant further says, that the charge of $300 for services rendered to Otto Haas and his daughter is exorbitant and most outrageous. . . . Affiant further says that he is not indebted to the plaintiff in the sum of $300, or in any sum whatsoever." The defendant pleaded non assumpsit, etc., and on the issue thus raised the case was tried before the court and a jury, and the result was a verdict and judgment thereon in favor of the plaintiff for $200.

The record contains three assignments of error, but we find no merit in the first and second, and, indeed, the learned counsel for defendant does not contend that they raise reasons for

a reversal of the judgment. The third assignment is based on the proposition that the plaintiff's claim or demand was for forty-two visits at $10.00 per visit, making $420, which sum is beyond the jurisdiction of the justice before whom the suit was commenced, and that the plaintiff could not reduce his claim to $300 and give jurisdiction to the justice, and if the justice had no jurisdiction of the cause of action, the common pleas had none on appeal. If the above facts were conceded the proposition is good law: Deihm v. Snell, 119 Pa. 316.

But the pinch of the present case is whether the plaintiff ever had a cause of action, claim or demand against this defendant for more than $300, and reduced it to that sum to confer jurisdiction upon the justice.

1. The claim was an unliquidated one and its amount was, at all stages of the litigation, disputed by the defendant as exorbitant and outrageous.

2. It does not appear that the plaintiff ever demanded from the defendant more than $300. This was his demand before the justice and in his declaration in the common pleas.

3. The fact is undisputed that the plaintiff alleged that his services were worth $10.00 a visit, or $420 for forty-two visits, and he tried to get the school board of Shaler township to pay him that sum. But he had no legal claim against the school board, and they paid him nothing, and this idle demand in no way fixes his claim or demand against the defendant.

4. There is nothing in this case to prevent the plaintiff from fixing his charge, claim and demand against the defendant at $300, even if he could have proved, prima facie, that his services were worth, in the opinion of physicians, $420. He did not demand or prove his claim against the defendant for more than $300.

5. It appears in the evidence that the plaintiff, on the advice of his counsel, did fix the value of his services at $300 before making a demand of the defendant for their payment. But it does not clearly appear that this was done in order to confer jurisdiction on a justice.

The counsel and the plaintiff may have concluded that a jury would say the services were not worth more than $300. If they did so decide, the result vindicated their judgment, as the jury only allowed the plaintiff $200.

The learned counsel for the defendant has cited several cases in support of his contention that the justice was without jurisdiction.

In Bower v. McCormick, 73 Pa. 427, the plaintiff before a justice demanded the value of logs, "measuring 20,310 feet at $6.00 per thousand, from which he deducted $22.00, leaving a balance now claimed of $99.86. Held, that this did not give the justice jurisdiction." In that case the demand was above $100 and the deduction appears to have been made for the very purpose of giving jurisdiction to the justice. In the present case no demand was made on the defendant for more than $300.

In Collins v. Collins, 37 Pa. 387, it is said (p. 390) : "The sum demanded is the test of jurisdiction. To get at that we look at the transcript of the justice, and the narr. on appeal, and the practice is to receive parol testimony also; and from all these sources to determine the jurisdiction by the matter of fact."

In Peter v. Schlosser, 81 Pa. 439, cited by defendant, the demand of the plaintiff was above the then jurisdiction of the justice, and the case turned on that precise point.

McFarland v. O'Neil, 155 Pa. 260, is also cited, but it does not rule the controlling point in the present case.

We ought not to split hairs to oust the jurisdiction in this case, because it seems to have been fairly tried and a just verdict rendered, and if the defendant were to succeed in his present effort, the next move would probably be a suit in the common pleas to recover for forty-two visits at $10.00 per visit, whereas the present judgment is only $200. It seems kind to the defendant to permit the judgment to stand.

We rule the case upon the fact that the judgment of the justice, the plaintiff's declaration in the common pleas and the oral testimony plainly show that at no time during this contention did plaintiff make a claim or demand against the defendant for more than $300, and of that sum it is and must be conceded the justice had jurisdiction.

The assignments of error are all dismissed and the judgment is affirmed.