# Gittlin *v.* Slovinac, Appellant.

*Landlord and tenant—Lease—Term—Provisions in case of default —Waiver—Estoppel—Magistrate—Appeals to common pleas—Set-off —Jurisdiction.*

Where a lease provided that in case of default by the tenant the rent for the entire term should become due and collectible, a landlord who brings an action for only such rent as is in arrears is not precluded from recovering rent thereafter accruing. Where there was no express language indicating a landlord's intention to terminate the lease, the assertion of his claim for rent in arrears evidences his intention to continue the contract.

Provisions for forfeiture or that the whole rent for the term shall become immediately due in the event of the tenant's default are not

self operative; they only become effective when the lessor seeks to take advantage of them.

Where a set-off exceeds the amount over which a justice has jurisdiction, it is not available as a defense on appeal to the Common Pleas.

Argued March 13, 1928. Appeal No. 13, March T., 1928, by defendant from judgment of C. P., Dauphin County, No. 809, January T., 1927, in the case of I. Gittlin v. John Slovinac. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for rent due under written lease. Before Fox, J.

The facts are stated in the opinion of the Superior Court.

Judgment for plaintiff for want of a sufficient affidavit of defense in the sum of $80 with interest. Defendant appealed.

*Error assigned* was the order of the court.

*Maurice R. Metzger,* of *Metzger & Wickersham,* for appellant.

*Samuel Handler,* for appellee.

OPINION BY HENDERSON, J., April 18, 1928:

This action was begun before a magistrate for the recovery of rent for two months on a lease, in writing between the plaintiff, lessor, and the defendant, lessee, dated September 4, 1924, for a term of five years, beginning October 1, 1924, at a rental of $35 a month for the first year, and $40 a month for the second year and balance of term, payable monthly in advance. The lease contained a provision that any removal or attempt to remove from premises should be deemed a fraudulent and clandestine removal, and the whole rent

for the entire term should thereupon fall due and be collectible at once. There was a further provision that as often as default should be made in the payment of any installment of rent when due, the lessor could proceed by Landlord's Warrant at any time, after such default, and make collection of all rent then due. It was also stipulated that upon failure of any installment of rent when due, the lessee authorized any attorney of any court of record to confess judgment against him in an amicable action of ejectment for the premises described, and to issue a writ of habere facias with clause of fieri facias for the rent due and costs. The defendant removed his goods from the premises on or about the 30th day of August, 1926. In October, 1926, the plaintiff brought an action before an alderman of the City of Harrisburg for rent due for that month. Judgment was given by the alderman in favor of the plaintiff, and after execution thereon the defendant paid the judgment and costs in full. Subsequently this action was brought for the collection of rent due for the months of November and December, 1926. The plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense, which rule was made absolute. Two defenses were set forth in the affidavit. The first was that the provision in the lease for the acceleration of rent became operative when the defendant removed from the premises, and that as a consequence when the first action was instituted before the magistrate, the whole rent for the remainder of the term was due and payable, and that by proceeding for the recovery of the rent for the first month, the plaintiff became estopped from asserting further action for the recovery of additional rent. The argument presented is that by the removal from the premises the tenant effected a forfeiture of the lease and subjected himself to liability for the present payment of future accretions of rent. The objection to this position is that the defendant is seeking to take advantage of his

own default. The provisions for the acceleration of rent and for forfeiture of the lease on the tenant's default are in the nature of penalties in favor of the lessor. They are not ipso facto operative on the occurrences of the default. They are provisions which the landlord may take advantage of, but they do not annul the contract without his consent. If he see fit to treat the lease as a continuing obligation on the part of the tenant, it is his privilege so to do in the absence of some stipulation clearly showing the contrary. It has long been the law of this State that provisions for forfeiture, or that the whole rent for the term shall become immediately due in the event of the tenant's default in certain particulars, are not self operative. They only become effective when the lessor seeks to take advantage of them: Wills v. Manufacturers' Nat. Gas Co., 130 Pa. 222; Ray v. Nat. Gas Co., 138 Pa. 576; Cochran v. Pew, 159 Pa. 184; Bartley v. Phillips, 179 Pa. 175; English v. Yates, 205 Pa. 106; Harrop v. Lutz, 53 Pa. Superior Ct. 195. The assertion of his claim for the rent for October is a declaration of the lessor's intention to continue the contract and nothing but clear and unequivocal language to the contrary can set aside the covenants for the term.

The defense presented in the supplemental affidavit of defense was a claim for damages to merchandise, resulting from the failure of the defendant to keep his sewer and water pipes connected with the building in such condition as to permit the proper flow of water from the premises. The amount of the claim is $1,640.21. As justices of the peace have no jurisdiction in civil cases in this state except as given to them by statute and as their jurisdiction is limited to $300, the proposed set-off could not have been entertained by the justice if the defendant had appeared at the trial and presented it. While the case on appeal to the Common Pleas is tried de novo that rule applies not to jurisdiction but to the processes by

which the case is tried. With respect to the set-off the defendant is the actor and as the magistrate could not entertain a claim of the plaintiff for more than $300 the defendant is precluded from maintaining a demand for a greater amount; nor is the situation changed on appeal to the Court of Common Pleas. If the justice did not have jurisdiction of the amount sought to be used as a set-off the Common Pleas could not admit it when the case is tried in that forum. The set-off was no defense therefore before the magistrate nor would it be available for that purpose on the appeal: Walden v. Berry, 48 Pa. 456; Deihm v. Snell, 119 Pa. 316. Passing by the sufficiency of the statement of damages sought to be set off it is evident that the right attempted to be asserted is not triable in this action. It is unnecessary, therefore, to consider the question discussed in the opinion of the trial judge in disposing of the rule for judgment for want of a sufficient affidavit of defense. As no competent defense was presented in this action the rule for judgment was properly made absolute.

The appeal is dismissed and the judgment affirmed.