Hufi et al., Appellants, *v.* Regula et ux.

Argued April 10, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadt-feld, Parker, Rhodes and Hirt, JJ.

*Sidney E. Rosenblum,* for appellants.

*Martin E. Cusick,* of *Service, McNeal, Cusick & Isenberg,* for appellee.

Per Curiam, April 29, 1940:

This appeal is from an order refusing judgment for want of a sufficient affidavit of defense. Such an order will not be reversed unless the appellate court is free from all doubt that the court below erred in refusing judgment.

While the affidavit of defense filed in the present case, under the strict rules of 'special pleading', would be held defective in its denial of an account stated between

the parties, in that it is not certain whether it denies the entering into an account stated at all, or the alleged date, or the amount alleged to be due, it is clear that it does deny owing the amount claimed, $392.97, and there is nothing in the pleadings from which any amount due the plaintiffs may be definitely ascertained. Furthermore, the averments in the plaintiffs' statement are just as general and indefinite, and do not set forth whether the alleged account stated was oral or reduced to writing. See 1 C.J.S. 693 (Sec. 1) and 704 (Sec. 23).

The affidavit of defense clearly denies that Lydia Regula was engaged with her husband, John D. Regula, in the conduct and operation of a gasoline service station or that she bought any gas, oil &c from plaintiffs or had any account whatever with them.

While the Act of June 29, 1923, P. L. 981, permits the trial judge on the trial of an action brought against two or more defendants as jointly liable for the cause of action, to dismiss the suit as to some of them and proceed with the trial against the others, with the same effect as if the defendants ultimately found to be liable were the only ones alleged to be so, it is not so clear that this permits judgment to be entered without trial, for want of a sufficient affidavit of defense, against one of two defendants sued jointly. In any event, the plaintiffs' right to a summary judgment, without trial, is not so clear as to require us to reverse the order of the court below refusing it.

Order affirmed.