Bauman *v.* Bittner, Appellant.

Argued April 14, 1943. Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt, Kenworthey and Reno, JJ.

*John A. Berkey,* for appellant.

*Budd B. Boose,* for appellees.

Opinion by Keller, P. J., July 16, 1943:

The net result of the order appealed from in this case is so inequitable that it should not stand as entered.

Plaintiffs brought an action before a justice of the peace against Lloyd Bittner and Maude Bittner, his wife, for rent claimed to be due by them jointly, based on an alleged joint oral lease of a dwelling house, and obtained a judgment against them jointly for $286.61. The defendants appealed, but, instead of entering bail on appeal, deposited as security with the justice cash

belonging to the wife in the sum of $288.61. The transcript and appeal were duly filed in the Prothonotary's office, and thereupon the justice remitted to the Prothonotary the money deposited with him as security.

Pursuant to the amendment to the Practice Act of April 14, 1921, P. L. 144, the plaintiffs filed their statement of claim, to which the defendants filed an affidavit of defense, in which Lloyd Bittner admitted the indebtedness to the plaintiffs, but Maude Bittner denied that she was a tenant of plaintiffs, either with her husband or separately, or was indebted to them in any amount.

When the case was called for trial, a voluntary nonsuit was suffered by the plaintiffs as to Maude Bittner and a verdict was taken against Lloyd Bittner for $286.61, the amount of the plaintiffs' claim, on which judgment was entered. The deposit of cash served as security in the appeal until the case was decided on its merits. Had a verdict and judgment been obtained against *both* defendants, the deposit would, no doubt, have been applied to the judgment.

Plaintiffs' attorney, in his brief, says: "Plaintiffs began their action de novo against both defendants in the common pleas." That is not a correct statement of the law. An appeal from a judgment of a justice of the peace is not an *action de novo*. The basis of the trial in the common pleas must be the identical cause of action brought before the justice. While the *trial* is *de novo,* the cause of action must remain the same: *Schneider v. Bates,* 49 Pa. Superior Ct. 430, 432; *Wade v. Hook,* 11 Pa. Superior Ct. 54, 58. "The statutes limiting and defining the jurisdiction of a justice are not left behind when a case comes into the Common Pleas by appeal, but are to be applied by the judge in the same manner as by the justice. If the justice had not jurisdiction of the cause of action or [of] the contract or demand sought to be used as a set-off, the Common Pleas will not have it after an appeal. The forum

is changed by the appeal, but the cause of action remains the same": *Deihm v. Snell,* 119 Pa. 316, 324, 13 A. 283. If the transcript shows that the amount claimed was beyond the jurisdiction of the justice, it is fatal on appeal in the common pleas: *Collins v. Collins,* 37 Pa. 387; *Wright v. Guy,* 10 S. & R. 227; *Peter v. Schlosser,* 81 Pa. 439. So, too, at the trial of the appeal in the common pleas no claim or demand may be presented as a set-off, which was beyond the jurisdiction of the justice: *Walden v. Berry,* 48 Pa. 456; *Deihm v. Snell,* supra; *Gittlin v. Slovinac,* 93 Pa. Superior Ct. 292, 296; *Alschuler & Weisz v. Lipkin,* 84 Pa. Superior Ct. 349; *Lyons v. Barnett,* 79 Pa. Superior Ct. 352, 353. Neither party can change the issue: *Wade v. Hook,* supra, p. 58. The appellee cannot present in the appellate court another or different claim from that sued before the justice: *Katch v. Benton Coal Co.,* 19 Pa. Superior Ct. 476, 479.

Prior to the Act of June 29, 1923, P. L. 981, (which permits a dismissal of the suit against one or more defendants who have been pleaded with other defendants as jointly liable for the cause of action specified in the statement of claim—if in the opinion of the trial judge the evidence does not justify a recovery against them—but directs that the trial shall proceed against the others, "with the same effect as if the defendants ultimately found to be liable were the only ones alleged to be so"[1]), if an action was brought against two or more defendants, alleging a joint liability, there could be no recovery unless a joint liability was proved as to all: *Rowan v. Rowan,* 29 Pa. 181; *Corbet v. Evans,* 25

---

[1] See, inter alia, *Schuster v. Largman,* 318 Pa. 26, 178 A. 45; *Gable v. Yellow Cab Co.,* 300 Pa. 37, 150 A. 162; *Cleary v. Quaker City Cab Co.,* 285 Pa. 241, 132 A. 185; *Baldwin v. Ely,* 127 Pa. Superior Ct. 110, 193 A. 299; *Huff v. Regula,* 140 Pa. Superior Ct. 69, 13 A. 2d 117; *Smith v. Walat & Stutzman,* 99 Pa. Superior Ct. 147.

Pa. 310, 311; 1 Chitty on Pleading, pp. 47 and 50a (7th American Ed.).

The Act of 1923, supra, does not apply to actions brought before a justice. If applied to the trial of an *appeal* from the judgment of a justice entered against two defendants who were sued on an alleged joint liability—of which we have serious doubts—the bail given to secure the payment of any judgment, which might be obtained against *both defendants jointly* on the trial of the appeal in the common pleas, could not be called upon to pay a judgment obtained against only one of them separately. If on a joint appeal from a joint judgment obtained before a justice, the plaintiff does not obtain a joint judgment in the common pleas he should not have recovery on the bond given as security for the payment of a *joint judgment*. The obligation cannot be extended beyond its terms.

So when, following the voluntary nonsuit entered as to her, Mrs. Bittner, on July 27, 1939, filed her petition in the court of common pleas asking for a return to her of the money deposited by her with the justice as cash bail, which had been remitted by him to Amos I. Mock, the Prothonotary, it should have been granted. She had not appealed from, nor deposited security for, a several judgment against her husband. Both defendants admitted *his* liability to the plaintiffs for the rent. She had appealed from the joint judgment against them both and had deposited her money with the justice as security for the payment of any judgment rendered in the appeal against her husband and herself jointly; and on the plaintiffs' suffering a voluntary nonsuit as to her, a joint judgment was no longer possible, and the money in the hands of the Prothonotary should have been ordered paid to her.

Instead, the court discharged the rule on the grounds: (1) That there being no law allowing the deposit of cash in lieu of a bond or bail absolute on appeal from a judgment rendered by a justice of the peace, the trans-

action was not a legal one; and (2) that the money was not in custodia legis—by which was meant, that the money was not officially in the hands of Amos I. Mock, as Prothonotary of the court, but merely as an individual.

On June 7, 1939 the plaintiffs issued an attachment in execution against Lloyd Bittner on the judgment obtained by them against him, as abovementioned, and summoned Amos I. Mock, "individually or as Prothonotary", as garnishee; and subsequently filed interrogatories addressed to said garnishee, as follows:

"First: It being a matter of public record that you are Prothonotary of the County of Somerset and that you have in your hands the sum of $288.61, by virtue of proceedings between the above named plaintiffs and defendants,[2] entered to No. 150 September Term, 1938, belonging to Lloyd Bittner and/or Maude Bittner, his wife, please state if you still have these moneys in your hands." To which the garnishee made answer: "I have in my hands at the present time the sum of $286.61 belonging to Lloyd Bittner and/or Maude Bittner, his wife."

"Second: It being adjudicated by opinion of the Honorable NORMAN T. BOOSE, President Judge of the aforesaid Court, in said mentioned case entered to No. 150 September Term, 1938, that you received these moneys in a private capacity, and not in your official capacity as Prothonotary of Somerset County, do you claim to hold them otherwise than as adjudicated?" To which garnishee made answer: "I do not."

To other interrogatories he made answer that he made no claim either as an individual or as Prothonotary to any interest in or ownership of these moneys; and that no other person claimed any interest or ownership in them.

---

[2] Maude Bittner was not a defendant in the judgment nor in the attachment in execution issued thereon.

On June 30, 1939, Lloyd Bittner filed a claim for his exemption of $300, and gave notice thereof to the plaintiffs and the said garnishee; and on July 27, 1939 he asked the court to set aside to him the $286.61 in the hands of the garnishee under said claim of exemption.

On August 1, 1942 the court filed its opinion and order refusing to set aside and award to the defendant the money in the hands of the garnishee, because the defendant had not established his ownership of the fund in the garnishee's hands; but it had been "conclusively established ...... that the money ...... was and is the money of Maude Bittner, and not the money of Lloyd Bittner, the defendant." Accordingly it disallowed the defendant's claim for his exemption out of the money in the hands of the garnishee. Had the court stopped there, no fault could have been found with its action, for a judgment debtor can claim his exemption only out of money or property belonging to him; and the money in the hands of the garnishee was the property of his wife, not his.

But the court proceeded further and gave "leave to the plaintiffs to enter judgment against the garnishee for the amount of money admitted in his answer to the interrogatories served upon him to be in his hands."

The result of this entry of judgment would be to apply the moneys of Mrs. Bittner in the hands of Amos I. Mock individually, as garnishee, to the payment of a judgment obtained against her husband; after the plaintiffs had admitted in court that they had no valid claim against her.

This was error. Under the peculiar wording of the first interrogatory, the answer of the garnishee was not an admission that he had in his hands $286.61 belonging to Lloyd Bittner; especially so, in view of the determination of the court that the money belonged to Maude Bittner.

As we pointed out before, Mrs. Bittner had not de-

posited this money to secure the payment of a several judgment against her husband, for his liability to the plaintiffs for rent had not been disputed. It was deposited as security for the payment of any joint judgment against her husband and herself, that might be obtained on the trial of the appeal in the common pleas. When any possibility of such a joint judgment was eliminated by the entry of a voluntary nonsuit as to her, her liability to the plaintiffs under the deposit was ended.

Furthermore, the court below had already ruled, without appeal by plaintiffs, that the deposit was a nullity and that Amos I. Mock held none of this money in his hands as Prothonotary or as an officer of the court, but only as an individual.

Having determined that the money held by Mock as an individual belonged to Maude Bittner and not to Lloyd Bittner, it could not order the money to be paid to the plaintiffs in satisfaction, in whole or in part, of their judgment against Lloyd Bittner; and the money in the garnishee's hands should have been released from the attachment, so that the garnishee could pay it to her. On the other hand, if it was Lloyd Bittner's money, and therefore bound by the attachment, it was subject to his claim for exemption.

The second assignment of error is sustained. The order of the court below is reversed as to everything that follows the word, "disallowed"; and the remainder of the order, giving leave to the plaintiffs to enter judgment against the garnishee, is struck out and vacated. Each party to pay his or their own costs on appeal.