## Eshleman v. Mumper

*Charles W. Eaby*, for plaintiff.
*Arnold, Bricker & Beyer*, for defendant.

WISSLER, J., January 20, 1950.—B. Frank Eshleman, plaintiff, on April 18, 1949, by the filing of a complaint brought an action in trespass against Richard Mummert (by amendment Richard Mumper) to recover property damages as a result of an automobile collision on the Harrisburg Pike. Defendant in his answer to the complaint alleged the following as "New Matter": "(15) The defendant did on the third day of January, 1949, bring an action in trespass before James E. Hockenberry, Justice of the Peace of Mount Joy Borough, Lancaster County, Pennsylvania, residing at 118 East Main Street, Mount Joy, Pa., against the plaintiff, B. Frank Eshleman, as the result of the accident upon which the said B. Frank Eshleman has now instituted this suit; (16) As the result of the said

action, a hearing was held which was attended by the said B. Frank Eshleman, and judgment was duly given to the defendant, Richard Mumper, and against B. Frank Eshleman; (17) A transcript of docket containing said judgment has been filed in the Prothonotary's Office of Lancaster County, Pennsylvania, and is indexed as No. 670, 1949 Judgments;" and, "(18) That said judgment is res judicata to the action set forth in the plaintiff's complaint."

Defendant then moved for judgment on the pleadings, and it is with this motion that we are now concerned. The sole question raised by the pleadings is whether a judgment rendered by a justice of the peace in an automobile accident where the injury is direct, which has been unappealed and no certiorari granted within the time allowed, is res judicata as to the subsequent suit in the court of common pleas by the same parties.

Plaintiff contends that the filing of a transcript does not remove the record, and consequently if the record remains in the custody of the justice of the peace no execution can be issued to satisfy it because there is no return of nulla bona, and it is therefore not a final judgment and not res judicata. It is true, as held in O'Donnel v. Seybert, 13 S. & R. 54 (1825), that the record of the transcript of a justice's docket entered in the prothonotary's office is not evidence of the proceedings before the justice to show a prior recovery. But the matter in the instant case is not dependent on the justice's transcript. The question of res judicata comes before us on the pleadings as governed by the Pennsylvania Rules of Civil Procedure. By Rule 1030 of the Pennsylvania Rules of Civil Procedure affirmative defenses such as res judicata shall be pleaded in a responsive pleading under the heading "New Matter"; and by rule 1029(b) averments in a pleading to which a responsive pleading is required are admitted when not

specifically denied. Accordingly, when plaintiff failed to file a reply to the "New Matter" he admitted the rendering of the judgment by the justice of the peace in favor of Richard Mumper and against B. Frank Eshleman, present defendant and plaintiff, respectively.

It is a general rule of law that what has been once judicially determined shall not again be made the subject of litigation and that this rule extends to every question in the proceeding which was legally cognizable: City of Lancaster, to use of The Penn Iron Company, Limited et al. v. Frescoln and the American Surety Co., 192 Pa. 452, 457 (1899) ; Fiumara v. American Surety Co. of New York, 346 Pa. 584 (1943). As stated by the court in the case of Marsteller, Exr., v. Marsteller, 132 Pa. 517, 523 (1890) :

"The well-nigh universal rule is, that the judgment of a court of competent jurisdiction, whether it be a court of record or not, upon a point litigated between the parties, is conclusive in all subsequent controversies directly involving the same question. . . . It makes no difference whether that adjudication was in a proceeding according to the course of the common law, or summary in its character. It is quite enough that the question in controversy was submitted to a judicial officer, to be determined in a judicial way; that the parties and their proofs were heard, and their rights settled by a judicial determination. If, in any such determination, error intervenes, it must be corrected in an orderly way, if any is provided; if not, the judgment must be accepted as a finality."

This principle of res judicata has been applied in many cases unappealed from subordinate court decisions: Thompson v. Hedrick, 91 Pa. Superior Ct., 41 (1927) ; Gittlin v. Slovinac, 93 Pa. Superior Ct. 292 (1928). In Stella v. De Phillipi, 20 Dist. R. 992 (1911), it was held that an action before a justice of the peace

is res judicata by reason of a prior action in which the position of the parties (as in the instant case) was reversed.

And now, January 20, 1950, for the foregoing reasons, judgment is entered on the pleadings in the above-entitled action in favor of defendant, Richard Mumper, and against plaintiff, B. Frank Eshleman.