## City of Harrisburg v. Ensminger

*Thomas D. Caldwell*, of *Caldwell, Fox & Stoner*, for appellant.

*Spencer G. Hall*, city solicitor, and *James S. Bowman*, assistant city solicitor, for appellee.

SOHN, J., March 8, 1954.—This case comes before us as an appeal from the judgment of Alderman John L. Madden, Jr., who on March 6, 1953, found defendant guilty of violating section 208 of the Harrisburg Building Code (ordinance no. 30, session of 1952), and fined him $50, as prescribed by section 400(*b*) of the ordinance, plus the costs of prosecution. The complaint of the city was that defendant failed to undertake the demolition of the building owned by him within 10 days after being notified to do so by the building inspector.

The pertinent sections of the code are as follows:

"Section 208. Unsafe Buildings—(a) In case any building shall become vacant or is *untenantable* or

uninhabitable leaving the interior of the building or parts thereof exposed to the elements and accessible to trespassers, or if any building is found to have inadequate foundations resting on fill or poor soil, or if any building or part thereof, leans, buckles, corrodes or is decayed, or if any part of a building is overloaded, or if any new or altered or repaired building is not provided with adequate means of egress or constitutes a fire hazard, or if it is constructed or altered in a way that prevents entrance for fire fighting, such building shall be deemed unsafe.

"(b) Whenever the Building Inspector shall find any building or part thereof to be an unsafe building, he shall give written notice to the owner, agent, or person in charge of such building, stating the defects thereof which notice shall require the owner, within a stated time, to make the defective parts safe and secure, or to demolish and remove the building, as may be deemed necessary by the Building Inspector. . . .

"Section 400 (B). Any and all persons who have been served with a notice as hereinbefore prescribed to remove any violation or comply with any requirement of this Ordinance, or with any order or regulation made thereunder, shall fail to comply with said notice within ten days after such service, or shall continue to violate any requirement of this Ordinance, in the respect named in such notice, shall upon conviction thereof before the Mayor or any Alderman of the City, be sentenced to pay a fine of not less than Fifty dollars ($50.00) and not more than One Hundred dollars ($100.00) and costs of suit, and in default of the payment thereof, shall be committed to the Jail of Dauphin County for a period not exceeding thirty days."

We are concerned here with a suit for a penalty. The appeal to the common pleas court is not an action "de novo." Only the trial is de novo, but the basis of trial in the common pleas court must be identical with

the cause of action brought before the justice of the peace (alderman): Bauman v. Bittner, 152 Pa. Superior Ct. 628 (1943), 33 A. 2d 273. Accordingly, we must examine the transcript of the alderman as it affects the question of jurisdiction. If his record shows no facts giving him jurisdiction, we cannot acquire jurisdiction on appeal.

An examination of the transcript discloses:

"That on or about September 24, 1952, an inspection was made of the premises 609 York Street, Harrisburg, Dauphin County, Pennsylvania, which said premises are owned by E. C. Ensminger of the said City of Harrisburg, and that such inspection revealed that the said building erected thereon was in danger of collapse, unsafe, and constituted a fire hazard; that notice of said condition, a copy of which is attached hereto, made a part hereof, and marked Exhibit "A", was served upon E. C. Ensminger, with the direction that the building erected thereon be demolished, and that such work must be started no later than ten days after service of said notice; that the said E. C. Ensminger has failed to comply with the said notice, all of which being in violation of the Harrisburg Building Code, hereinafter referred to, and particularly in violation of Section 208 thereof."

The notice, exhibit A, is not attached to the information as it came to us, but appellant has what purports to be a copy thereof attached to his brief; this copy is not questioned in the city's brief, nor was it questioned at the argument. It reads as follows:

"September 24, 1952

"E. C. Ensminger
2013 Green Street
Harrisburg, Pa.

"Dear Mr. Ensminger:

"Your building at 609 York Street has been inspected by the Bureau of Building Inspection. It was found

that the whole building leans towards the east about seven inches and that in addition certain parts of the east wall near the center bulges even more. The wall is badly cracked. The mortar in parts of the wall is disintegrated and many of the bricks are in bad condition. The fire escape is in bad shape and its location is a violation of the Building Code of the State Bureau of Labor and Industry, and the building is occupied in spite of the fact that your building is already condemned as hazardous and unsanitary.

"In our opinion the east wall is in danger of collapse and therefore unsafe and constitutes a fire hazard. You are therefore notified pursuant to the authority of Section 208 of the Building Code of the City of Harrisburg to demolish this building and that such work shall be started not later than ten days after service of this notice upon you. You are further notified to immediately certify to the Building Inspector your assent or refusal to demolish this building. Failure to do so will subject you to the penalties prescribed in Section 400 of said Building Code.

"Very truly yours,
/s/ R. D. Snodgrass
R. D. Snodgrass,
Building Inspector"

Nowhere in this notice is there a demand that appellant first make an effort to repair his building as provided in section 208(b) of the Harrisburg Building Code. It is rather a statement that the building leans and is unsafe and must be demolished. This is rather significant, for in the city's brief we find this statement:

"It is stated for the record that the city will not bring further prosecutions against Mr. Ensminger nor, if the city's position is upheld in this case, will it require him to demolish the premises if he, in fact, repairs them in such a manner as to make the same

safe within the provisions of the Harrisburg Building Code."

This, we feel, is an acknowledgment that the building is susceptible of repair and the record contains a stipulation that appellant has already engaged a contractor to make the repairs which the same contractor says will make the building safe. The transcript of the alderman with respect to the hearing is entirely bare of any statement of the testimony taken before him and no facts whatever appear on which he based his finding that "the prosecution is reasonably well founded." Nor does it contain any mention of testimony regarding what notice was first given appellant. This, we feel, is fatal to the whole proceeding and shows no finding upon which his jurisdiction could attach. In Commonwealth ex rel. Seibert et al. v. Manager of House of Correction, 10 Pa. Dist. R. 371 (1901), it is pointed out that a record of a magistrate should fully disclose the facts in a summary conviction case. The court also commented that where the record contains no definite facts but only legal conclusions from unrecorded facts, defendant must be discharged. It is fundamental law that jurisdiction can be attacked at any stage of a legal proceeding. The late President Judge William M. Hargest of this court so found in the case of Commonwealth v. Rudy, 3 D. & C. 383. For lack of jurisdiction, as appears from the transcript, this appeal must be sustained and Alderman Madden's judgment reversed.

There was considerable dispute between the parties about the condition of appellant's building when testimony was taken in the common pleas court, but our finding has made it unnecessary to consider it. At the argument and in the city's brief much was made of appellant's delay and indifference to the city's demands. These matters were dehors the record, but we believe that the city has been very patient and tolerant with

appellant. If the matters complained about are not promptly remedied and the code complied with, another action by the city may be notice to him and all other property owners so inclined to delay and ignore, that it will enforce the code in each and every one of its provisions.

For the reasons hereinbefore set forth, the judgment of Alderman Madden of March 6, 1953, adjudging appellant guilty and fining him $50, with costs, is hereby set aside and the proceedings dismissed.