## Rose v. Eicher et al.

*Ewing K. Newcomer*, for plaintiff.
*Maxwell E. Lizza*, for defendants.

CARR, P. J., October 29, 1954.—This is an appeal from the judgment of an alderman. The action is assumpsit for a balance of $132.86 claimed to be owing to plaintiff upon a contract with defendants for cutting timber upon the land of defendants and preparing it for the latter's use. In their answer defendants have set forth a counterclaim for $662.58 as being treble the value of additional timber alleged to have been wrongfully and willfully cut down by plaintiff upon the same premises at the same time and converted to his own use. Plaintiff has filed preliminary objections questioning the right of defendants to plead a counterclaim sounding in tort or one in excess of the amount to which the jurisdiction of the alderman is limited.

By the terms of Pa. R. C. P. 1031 a defendant may set forth as a counterclaim any cause of action or setoff (1) which arises from the same transaction or occurrence from which plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual. This means that a defendant has an unlimited right to counterclaim in assumpsit for all causes of action that arise from the transaction upon which plaintiff's suit is founded, irrespective of their character, as well as for all contractual or quasi-contractual causes of action that arise from the same or any other transaction: Goodrich-Amram, sec. 1031(a) (1). In other words, a defendant sued in assumpsit may assert a counterclaim which ordinarily would be commenceable only in trespass, if the claim arises out of the same factual background as that of plaintiff: Anderson, Pennsylvania Civil Practice, vol. 2, p. 469. The rule does, it is true, effect a major change in the prior practice, but it was intended to do so and is to be liberally construed to avoid a multiplicity of suits: Hannigan, Executor, v. Hannigan, 75 D. & C.

67. In our opinion the counterclaim here pleaded does not violate the rule.

There is, however, no authority permitting us to entertain on appeal a counterclaim in excess of $300. The precise question was presented and decided against defendant in Deihm v. Snell (1888), 119 Pa. 316, and in Gittlin v. Slovinac (1928), 93 Pa. Superior Ct. 292. It was said that the statutes limiting and defining the jurisdiction of magistrates are not left behind when a case comes into the common pleas on appeal but are to be applied by the judge in the same manner as by the justice; that if the justice had no jurisdiction of the cause of action or the contract or demand sought to be used as a setoff, the common pleas will not have it after an appeal; that the forum is changed by the appeal but the cause of action remains the same. See also Bauman v. Bittner, 152 Pa. Superior Ct. 628, and cases there cited. Nor is there anything in any of the Pennsylvania Rules of Civil Procedure indicative of an intent to enlarge our jurisdiction in this respect, as desirable as such a change may appear to be: Crichfield Oil & Gas Co. v. Grosky (1948), 65 D. & C. 436; Liberty Fuel Oil Co. v. Fidelibus (1950), 38 Del. Co. 58; Waterbor et al. v. Caskie et al. (1952), 81 D. & C. 447. Accordingly, the counterclaim will be stricken off, without prejudice to the right of defendants to file an independent action therefor, which may then be consolidated with that of the plaintiff for trial.

*Order*

And now, October 29, 1954, upon consideration of the foregoing case, plaintiff's preliminary objection no. 3 is sustained and the counterclaim stricken off, without prejudice to the right of defendants to bring an independent action for the amount thereof.