## Deiger v. Schultz

*Ronald Heiman*, for plaintiff.
*P. Raymond Bartholomew*, for defendant.

STRANAHAN, P. J., June 7, 1968.—Plaintiff, Victor Deiger, obtained a judgment against defendant, Shirley Schultz, before a justice of the peace. This judgment was in the amount of $345.90, and was for the repair of plaintiff's automobile, which was damaged in an automobile accident on January 2, 1968. Defendant took an appeal and, as the result of this appeal, plaintiff, Victor Deiger, filed a complaint against defendant, alleging that defendant was liable for the automobile damage; and, in addition to that, plaintiff alleges that his minor son, Robert D. Deiger, was injured in the accident, and he brings suit as a parent and natural guardian and in his own right for the injuries to his son.

To this complaint, defendant has filed a preliminary objection requesting that paragraphs 8, 9, 10 and 12 be stricken from the complaint, and that the name Robert D. Deiger also be stricken from the complaint. It is defendant's contention that plaintiff must sue on the same cause of action and the same issues that he brought suit before the justice of the peace, and

that he cannot now add an additional party to the suit against defendant.

We rule that the preliminary objections of defendant must be granted and hold that plaintiff is limited to the same cause of action and the same issues that were decided by the justice of the peace and upon which the justice entered a judgment of $345.90.

The case of Deihm v. Snell, 119 Pa. 316, holds, at page 324:

"The statutes limiting and defining the jurisdiction of a justice are not left behind when the case comes into the Common Pleas by appeal, but are to be applied by the judge in the same manner as by the justice. If the justice had not jurisdiction of the cause of action or the contract or demand sought to be used as a set-off, the Common Pleas will not have it after an appeal. The forum is changed by the appeal, but the cause of action remains the same".

The case of Bauman v. Bittner, 152 Pa. Superior Ct. 628, holds, at page 631:

"The appellee cannot present in the appellate court another or different claim from that sued before the justice".

In Ritts v. Stanfa and Rau, 7 Mercer 27 (1967), Judge McKay, of this court, ruled that on an appeal a new party could not be joined as an additional defendant for the reason that this raised a new issue in the case, and that while an appeal amounted to a trial de novo, the issues must be the same as that heard by the justice of the peace.

For these reasons, we must sustain defendant's preliminary objections.

### ORDER

And now, June 7, 1968, the preliminary objections of defendant are sustained and paragraphs 8, 9, 10 and 12 are stricken from the complaint, and the name of Robert D. Deiger is stricken from the caption.