Providence Builders, Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs December 13, 1984, to Judges CRAIG and DOYLE and Senior Judge BLATT, sitting as a panel of three.

*Marc D. Jonas,* for appellant.

*Richard C. Sheehan,* for appellee, Lower Providence Township.

OPINION BY JUDGE BLATT, May 16, 1985:

Providence Builders, Inc. (appellant) appeals here an order of the Court of Common Pleas of Montgomery County denying its motions for new trial and in arrest of judgment.

The trial court found that the appellant erected a cement hopper on its property located in Lower Providence Township without first obtaining a building permit; that it applied for a permit after the structure was complete; that the zoning officer denied the application; and that there was no appeal from that denial. The zoning officer subsequently issued a citation averring that the appellant had erected a building without a permit in violation of Lower Providence Township Ordinance No. 5, Section 208, Subsection 1002. The district justice found the appellant guilty and sentenced it to pay a fine and costs. Following an appeal of this summary conviction pursuant to Pa. R. Crim. P. 67(e), the trial court adjudged the appellant guilty at a de novo proceeding. The present appeal ensued after the trial court dismissed appellant's post-trial motions.[1]

---

[1] We have jurisdiction over this matter pursuant to Section 762(a)(4) of the Judicial Code, 42 Pa. C. S. §762(a)(4).

The appellant argues here that the Township did not establish the elements necessary to prove a violation of the ordinance because neither the citation nor the ordinance was ever formally admitted into evidence as part of the record at the de novo proceeding. It is contended that, inasmuch as the trial before the court of common pleas was de novo, the record made at the district justice level had been set aside and that the Township needed, therefore, to introduce the citation into evidence as part of its prima facie case. Furthermore, the appellant maintains that the trial court could not take judicial notice of the ordinance in question unless a certified copy was offered into evidence or, in the alternative, the Township requested the trial court to take judicial notice during the proceedings.

We note preliminarily that "[a]n appeal from a judgment of a [district justice] is not an action de novo. The basis of the trial in the common pleas [court] must be the identical cause of action brought before the [district] justice. While the trial is de novo, the cause of action must remain the same." *Bauman v. Bittner,* 152 Pa. Superior Ct. 628, 33 A.2d 273 (1943). Additionally, Pa. R. Crim. P. 67(e), Appeals from Summary Judgments, provides that the issuing authority, here the district justice, "shall, within twenty (20) days after receipt by him of the notice of appeal file with the said officer [of the court of common pleas] : . . . 2. the original complaint or citation." Clearly, the citation, which serves to notify the defendant of the charges lodged against him, is part of the procedural record before the trial court in an appeal from a summary judgment and, consequently, the Township need not have introduced it into evidence.

Moreover, we have failed to locate any statutory or case law in support of the apppellant's contention

that the citation is a necessary element in the Township's prima facie case. To prove a violation of a municipal ordinance, the municipality need only offer evidence of facts establishing that the violation occurred. We do not believe that, to prove the violation, it needs to establish that a citation was issued.

As for the appellant's contentions regarding the power of the trial court to take judicial notice of a municipal ordinance, we note that Section 6107 of the Judicial Code, 42 Pa. C. S. §6107 provides that "[t]he ordinances of municipal corporations of this Commonwealth shall be judicially noticed" and that the court "may inform itself of such ordinances in such manner as it may deem proper and . . . may call upon counsel to aid it in obtaining such information." (Emphasis added.) We are not convinced, therefore, that the Township needed to offer a certified copy of the ordinance into evidence, although, as the appellant correctly maintains, the trial court could not have taken judicial notice of the municipal ordinance unless it was requested to do so. *Wilson v. Pennsylvania Railroad Company*, 421 Pa. 419, 219 A.2d 666 (1966) and *Platt v. City of Philadelphia*, 183 Pa. Superior Ct. 486, 133 A.2d 860 (1957). The record in this case, however, does reveal that the pertinent municipal ordinance was brought to the attention of the trial court and appellant's counsel when counsel for the Township had the ordinance marked as an exhibit and authenticated by the zoning officer. Thus the trial court correctly took judicial notice here.

In the alternative, the appellant challenges the adequacy of the citation issued, alleging that it did not constitute adequate notification of the charges being brought. The appellant, however, failed to raise this contention in its post-trial motions and, therefore, the argument has been waived. Pa. R. Crim. P. 1123 and

*Commonwealth v. Murphy,* 316 Pa. Superior Ct. 178, 462 A.2d 853 (1983). *See also* Pa. R.A.P. 302.

Accordingly, we will affirm the order of the court of common pleas.

ORDER

AND Now, this 16th day of May, 1985, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.