581 A.2d 1019

**Robert R. BAKER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided Oct. 25, 1990.

William E. Hager, III, New Bethlehem, Pa., for appellant.

James R. Antoniono, Galloway, DeBernardo, Antoniono, McCabe & Davis, Greensburg, Pa., for appellee.

Before CRAIG, P.J., SMITH, J., and NARICK, Senior Judge.

SMITH, Judge.

Robert R. Baker appeals from the judgment of sentence entered by the Court of Common Pleas of Westmoreland County fining him $1,000 for violating Section 504(A) of the Zoning Ordinance of Upper Burrell Township (Ordinance). The judgment of sentence is affirmed.

Baker was charged with a violation of Section 504(A) of the Ordinance by a code enforcement officer of Upper Burrell Township (Township) for operating a sawmill on property zoned RA Agricultural/Residential District. Section 504(A), governing permitted uses in the RA Agricultural/Residential District, provides in pertinent part:

A. *Permitted Uses*

. . . .

b. All [a]ctivities of an agricultural nature including but not limited to livestock and poultry, field, row and tree crops, forest and tree products, nurseries, customary barns, stables, greenhouses, and other farm accessory structures. Permitted activities of an agricultural nature shall be interpreted to mean normal on-farm functions characteristic of normal land and area practices as reflected by the uses listed above. The permitted uses specified by this Ordinance for the Agricultural/Residential district *shall not be interpreted to include farm oriented, commercial or industrial operations* or activities such as food or livestock processing plants, holding pens, slaughter houses or similar uses. (Emphasis added.)

The Township considered Baker's sawmilling operation an industrial activity and therefore a violation of the Ordinance. Baker was convicted and sentenced by a district justice. Baker appealed to the Court of Common Pleas which found him guilty after a *de novo* hearing. Baker's post-trial motions were denied, and this timely appeal followed the entry of his judgment of sentence.

■ Baker raises the following issues on appeal: (1) whether the trial court erred "in failing to use the after

discovered evidence as grounds for vindication of the defendant"; (2) whether the trial court erred "in deleting the requisite elements of proof as outlined in the criminal complaint that was filed against the defendant"; (3) whether the trial court erred "in characterizing the defendant's business as 'milling' "; (4) whether the trial court erred in not finding that Baker's activities were permitted uses under Section 504(A); and (5) whether the trial court erred in finding that "the code enforcement officer was not informed of the defendant's proposed business activity of installing a portable sawmill." Brief for Appellant, pp. 5–6. This Court's scope of review where the trial court hears a zoning violation matter *de novo* is limited to a determination of whether the trial court committed an abuse of discretion or an error of law. *Abbot v. Commonwealth*, 56 Pa.Commonwealth Ct. 482, 425 A.2d 856 (1981).

Baker's first issue concerns his unsuccessful attempt to obtain a new trial by introducing after-discovered evidence in the form of three affidavits. Two of the affidavits were executed by individuals who stated that they had knowledge that other sawmills had been in operation in the Township within the two years prior to the time Baker was engaging in sawmilling activities. The third affidavit was executed by a former supervisor of the Township who stated that Baker informed him by telephone that Baker was planning to set up a portable sawmill on the property in question. This individual also stated that upon receiving this information, he informed Baker to call the Township's code enforcement officer and the Township's solicitor. Baker argues that this evidence implicates a violation of his equal protection rights and indicates that the Township had prior notice of his activities. Thus, Baker contends, the trial court should have ordered a new trial.

It is well settled that a new trial is not warranted on the basis of after-discovered evidence unless (1) such evidence could not have been discovered until after trial despite reasonable diligence, (2) such evidence is not used merely for cumulative or impeachment purposes, and (3) the

evidence is of such a nature that it would compel a different outcome. *Commonwealth v. Scott*, 503 Pa. 624, 470 A.2d 91 (1983). In consideration of these standards, Baker's argument fails for two reasons. First, reasonable diligence would have uncovered the evidence prior to or during trial. With regard to the two affidavits concerning evidence of other sawmill activity, one affiant testified at trial on behalf of Baker and the other, who is the first affiant's brother, was present in court during the trial but did not testify. There is nothing in the record to indicate that their testimony concerning the substance of the affidavits was not available or could not have been obtained with reasonable diligence prior to or at trial. With regard to the third affidavit, Baker gave testimony at trial concerning his telephone conversation with the affiant, which was the subject of the affidavit. Again, there is no reason provided in the record why the affiant's testimony could not have been obtained for trial when Baker was aware of its existence at that time.

Second, the evidence is not of such a nature that it would compel a different result. The fact that there may have been other violations of the Ordinance did not preclude the Township from enforcing the violation against Baker. *See Ridley Township v. Pronesti*, 431 Pa. 34, 244 A.2d 719 (1968); *Kar Kingdom, Inc. v. Zoning Hearing Board of Middletown Township*, 88 Pa.Commonwealth Ct. 364, 489 A.2d 972 (1985). Moreover, the first two affidavits do not even compel the conclusion that a violation had occurred; they state only that other sawmills had operated in the Township without discussion of whether these mills were operating with or without Township approval. With respect to the third affidavit, the Township supervisor stated that he informed Baker to consult with the relevant parties regarding the propriety of Baker's proposed operation. This testimony could not be equated with Township approval of Baker's activities nor could it in any way relieve Baker from complying with the Ordinance.

■ Baker's next argument raises two points. First, Baker argues that while the criminal complaint against him cited two violations of the Ordinance, the Commonwealth only prosecuted one of those violations at trial. Thus, Baker argues, the trial court erred by allowing the Commonwealth to "pick and choose" what it desired to prosecute to ensure a verdict of guilty. Baker does not proceed to explain, however, how he was actually prejudiced by having a criminal charge against him withdrawn. The criminal complaint issued against Baker charged him with a violation of Section 504 and also a violation of an unspecified section of the Ordinance for erecting a building without a permit. Because the latter charge did not state the specific section of the Ordinance violated, the charge failed to give Baker fair notice and was patently improper under settled law. *See Hill v. Commonwealth,* 68 Pa.Commonwealth Ct. 71, 448 A.2d 106 (1982). Therefore, the Commonwealth properly withdrew the charge against Baker, and the trial court did not err in permitting the Commonwealth to do so.

■ Second, Baker argues that the trial court erred in not requiring that the Commonwealth prove that Baker "knowingly and intentionally" violated Section 504(A). Baker argues that there is no proof that he was ever aware of Section 504(A) until he received the criminal complaint and thus could not knowingly or intentionally violate a law of which he had no prior knowledge. There is no question, however, that Baker knowingly and intentionally operated a sawmill in an RA Agricultural/Residential District. Clearly, Baker was charged with committing the acts which constituted a violation. That he was unaware of the provision violated is irrelevant, though this fact may be taken into account by the trial court for purposes of sentencing. *See Philadelphia v. Stradford Arms, Inc.,* 1 Pa.Commonwealth Ct. 190, 274 A.2d 277 (1971).

■ Baker next argues that the trial court erred by characterizing Baker's operation as "milling." Baker contends that "milling" is not defined in the Ordinance and

should not assume the broad dictionary definition of cutting, shaping, or finishing a product that the trial court had adopted. Rather, Baker contends that "milling" is a term of art in the lumber trade meaning the reduction of cut timber into more useable and refined products such as two by fours or two by eights. *See* N.T., 12/21/88, p. 66. Baker's operation consisted only of cutting down trees and sawing them into rough slabs which were further refined, or "milled" as Baker contends, elsewhere.

There is clearly no substance to this issue. What is important is whether Baker's activities constituted a violation of Section 504(A) regardless of how the trial court termed those activities. It is more pertinent for this Court, therefore, to go on to Baker's next and more directly relevant issue: whether the trial court erred in failing to find that Baker's activities were permitted uses under Section 504(A) or, to state the converse, whether the trial court erred in finding that Baker's activities violated Section 504(A).

Section 504(A) specifically permits "[a]ll activities of an agricultural nature including but not limited to ... forest and tree products...." Baker contends that his harvesting and sawing of trees falls under this permitted agricultural use. (The Commonwealth does not dispute that the cutting down of trees is a permitted use, only that the subsequent sawing of those trees into rough slabs is prohibited.) Section 504(A) goes on to provide, however, that permitted uses under this section "shall not be interpreted to include farm oriented, commercial or industrial operations or activities such as food or livestock processing plants, holding pens, slaughter houses or similar uses." The trial court found that Baker's operation of a sawmill was an industrial operation.

The Ordinance does not define "industrial" or "industry" though it provides for an industrial district. The permitted uses in the Township's I Industrial District include "[l]aboratory for research and development"; "[p]rocessing and packaging plants for food and drink, excluding such activi-

ties as slaughter houses or similar uses"; "[b]uilding materials yard and sales"; "[c]ontractor's yards"; "[s]hops for machine work, cabinet making, and the like"; and "[l]ight manufacturing plant when authorized as a Special Use Exception by the Zoning Hearing Board." Section 508(A) of the Ordinance. These uses, however, cannot substitute for a definition.

■ Undefined terms in a zoning ordinance must be given their plain, ordinary, and usually understood meaning. *Danwell Corp. v. Zoning Hearing Board of Plymouth Township,* 115 Pa.Commonwealth Ct. 174, 540 A.2d 588, *appeal denied,* 520 Pa. 620, 554 A.2d 511 (1988). Dictionary definitions are rather broad and apply the terms "industry" or "industrial," *inter alia,* to any systematic labor, especially when that labor has attached to it a profit motive. *See, e.g.,* Webster's Third New International Dictionary 1155–56 (1986). As the adjective "industrial" is commonly used, however, it would certainly apply to any processing or manufacturing activity of a systematic nature for the purpose of engaging in profit. A sawmilling operation falls within such a meaning. The plain, ordinary, and usually understood conception of "industrial operation" would comfortably include the processing of trees through a sawmill for the creation of rough lumber. *See Smith v. Miller,* 249 Md. 390, 239 A.2d 900 (1968), where the Maryland Court of Appeals reversed a variance granted for the operation of a sawmill in an agricultural district because the sawmill was an industrial use and not a usual farm-product use permitted in that district.

■ Moreover, reading the Ordinance as a whole, the conclusion that the operation of a sawmill is an industrial operation under Section 504(A) appears to comport with the Ordinance's intent.[1] Section 504(A) prohibits food or livestock processing plants and slaughter houses, operations which involve the processing of agricultural property. Bak-

---

1. "[I]n construing a statute or an ordinance, our polestar is the intent of the legislature." *Ethken Corp. Appeal,* 89 Pa.Commonwealth Ct. 612, 616, 493 A.2d 787, 789 (1985).

er's sawmilling operation likewise involves the processing of agricultural property. Further, the Township's I Industrial District sets performance standards for uses within the district, including restrictions on sound emission and dust and dirt emission. These are restrictions on industrial uses and would logically apply to the operation of sawmills. Therefore, the trial court did not err or abuse its discretion by finding that Baker had engaged in an industrial operation or activity under Section 504(A).

█ Finally, Baker argues that the trial court erred in finding that the Township's code enforcement officer was not informed of Baker's proposed operation of the sawmill. The trial judge, however, weighed the testimony on this issue and based his finding on testimony he found credible or not credible. *See* Trial Court Opinion, p. 3. A determination as to the credibility of witnesses is within the sole province of the trier of fact. *Commonwealth v. Jackson*, 506 Pa. 469, 485 A.2d 1102 (1984). Therefore, this Court may not reverse the trial court's findings.

## ORDER

AND NOW, this 25th day of October, 1990, the judgment of sentence of Robert R. Baker entered by the Court of Common Pleas of Westmoreland County is hereby affirmed.