## McDonald v. Cupka

*Jonathan B. Robison,* for plaintiffs.
*Robert Rade Stone,* for defendant.

WETTICK, *J.,* July 23, 1992—Florence McDonald (tenant) rented property from Richard Cupka Jr. (landlord). Tenant filed a cross complaint with the district justice in which she alleged that she was unlawfully evicted and landlord had taken or destroyed her personal property. The district justice entered a judgment in her favor in the amount of $4,005.

Landlord filed an appeal. Pursuant to Pa.R.C.P.D.J. 1001-1008, plaintiff filed a complaint. This complaint named both herself and her son, Richard McDonald Jr., as plaintiffs and included claims by Richard McDonald for injuries sustained from a fall in the apartment that was caused by landlord's failure to maintain the premises and for loss of his personal property.

The subject of this opinion and order of court is landlord's preliminary objections requesting dismissal of Mr. McDonald as a party. Landlord contends that a complaint filed in proceedings arising out of an appeal of a district justice judgment may not include a party who was not

named in the complaint filed in the district justice proceedings. This contention is without merit.

Pa.R.C.P.D.J. 1007 explicitly permits the joinder of additional parties:

"A. The proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the Court of Common Pleas.

"B. The *action upon appeal shall not be limited with respect to* amount in controversy, joinder of causes of action or *parties,* counterclaims, added or changed averments or otherwise because of the particulars of the action before the district justice." (emphasis added)

Also see *Maybee v. McKnight,* 264 Pa. Super. 16, 20-21, 398 A.2d 1034, 1036 (1979), in which the Superior Court allowed the joinder of a party in the same fashion as if the case had never been before a district justice.

Landlord relies on *Providence Builders Inc. v. Commonwealth,* 89 Pa. Commw. 316, 492 A.2d 488 (1985). In that case, a zoning officer issued a citation averring that a landowner had erected a building without a permit in violation of a municipal ordinance. The district justice found the landowner guilty and sentenced it to pay a fine and costs. The landowner filed an appeal of the summary conviction to the Common Pleas Court pursuant to the Pennsylvania Rules of Criminal Procedure. In discussing the issues that were before the Common Pleas Court, the Commonwealth Court said that:

"'The basis of the trial in the Common Pleas [Court] must be the identical cause of action brought before the [district] justice. While the trial is de novo, the cause

of action must remain the same.' *Bauman v. Bittner,* 152 Pa. Super. 628, 33 A.2d 273 (1943)." *Id.* at 318, 492 A.2d at 489.

This opinion is not controlling because it describes the procedure for an appeal from a summary conviction. The rules of procedure governing appeals from summary convictions do not provide for de novo proceedings. Rather, they provide for a de novo hearing in which the issues are framed by the pleadings filed before the district justice. See Pa.R.Crim.P. 86.

While the opinion in *Bauman v. Bittner* upon which *Providence Builders Inc. v. Commonwealth* relied involved an appeal from an action before a district justice for rent, *Bauman v. Bittner* was based on earlier law which was amended by Pa.R.C.P.D.J. 1007B to expand the scope of the proceeding on appeal. The note to Rule 1007B explicitly states that Rule 1007B was written to effect this change.

"As under earlier law, the proceeding on appeal is conducted de novo, but the former rule that the proceeding would be limited both as to jurisdiction and subject matter to the action before the district justice (see *Crowell Office Equipment v. Krug,* 213 Pa. Super. 261, 247 A.2d 657 (1968), has not been retained. Under subdivision B, the Court of Common Pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the district justice, subject of course to the Rules of Civil Procedure."

## ORDER OF COURT

On this July 23, 1992, it is hereby ordered that defendant's preliminary objections are overruled.