641 A.2d 1270

**ST. MARGARET MEMORIAL HOSPITAL, Appellant,**

v.

**BOROUGH COUNCIL OF the BOROUGH OF ASPINWALL.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1993.

Decided April 26, 1994.

Reargument Denied June 29, 1994.

596

James H. Roberts, for appellant.

Blaine A. Lucas, for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

St. Margaret Memorial Hospital (Hospital) appeals from an order of the Allegheny County Court of Common Pleas affirming the decision of the Council of the Borough of Aspinwall which denied the Hospital's challenge to a local zoning ordinance permitting private parking lots only as accessory uses, and its request for a curative amendment to allow private parking lots as permitted uses in the Borough's AC–2 (general commercial) zoning district.

On appeal to this Court, the Hospital argues that the Aspinwald Zoning Ordinance (Ordinance), as interpreted by the Zoning Hearing Board of Aspinwall (Board), denies it equal protection under the Pennsylvania and United States Constitutions by making a distinction between a principal use located in the Borough and a use located across the municipal boundary line; the Hospital can comply in all respects with

the parking lot requirements of the Ordinance and is entitled to site-specific relief; and the Borough Council committed an abuse of discretion and error of law in refusing to grant the Hospital's curative amendment request because the Ordinance is unconstitutionally exclusionary as it totally excludes private stand-alone parking lots as a principal use in the Borough and is not substantially related to the public health, safety, morals or general welfare.[1]

The Hospital is located in the City of Pittsburgh and owns a vacant lot, which was once a used-car dealership, located on the corner of Freeport Road and Delafield Avenue in the Borough's AC–2 district. Delafield Avenue, which is the municipal boundary line between the Borough and Pittsburgh, lies directly between the Hospital and the lot. In the AC–2 district, public parking lots are considered "public facilities" and are permitted pursuant to Sections 308.2.9 and 309.2.1 of the Ordinance, while private parking lots are permitted only as accessory uses. Sections 308.2.10., 309.2.1 of the Ordinance. Further, Section 409.2.9 of the Ordinance provides that "[a]ll off street parking spaces required to serve structures or uses shall be located on the same zoning lot as the structure or use served or within 600 feet of a main entrance to the structure or use served."

Permission was sought by the Hospital to use its vacant lot for accessory parking for employees' and/or patients' vehicles. The Borough denied the application for a building permit for the lot. The Hospital applied to the Board for a variance to use its vacant lot as a parking lot or, in the alternative, an interpretation that the proposed parking lot is either a permitted use or a continuation of a lawful nonconforming use. The Board denied the Hospital's application and determined that the purpose of Section 409.2.9 of the Ordinance is to provide

1. Where the trial court received no additional evidence on a zoning appeal, this Court's scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *In re Hoover*, 147 Pa.Commonwealth Ct. 475, 608 A.2d 607 (1992). Further, this Court cannot disturb findings of the Board if based upon substantial evidence. *Boundary Drive Assoc. v. Shrewsbury Township Board of Supervisors*, 507 Pa. 481, 491 A.2d 86 (1985).

relief to landowners subject to off-street parking requirements under the Ordinance; parking is not permitted as a primary use in an AC–2 district; and since the Hospital's building is located outside the Borough and it is not subject to the Borough's off-street parking requirements, the Ordinance does not apply to the Hospital building. The Board also determined that the Hospital failed to prove that the lot had previously been used as a parking lot or that any unusual circumstances or conditions exist which prevent it from being developed in strict conformity with the provisions of the Ordinance.

The Hospital did not appeal from this determination but filed its challenge to the Ordinance with the Borough Council. After a public hearing, the Borough Council determined that the Hospital had not met its burden of establishing a total exclusion of parking lots as a use within the Borough; even if the parking lot proposed by the Hospital would qualify as a permitted or accessory use under the Ordinance, it would not meet the dimensional and other supplementary requirements for such use; the limitations on the location of parking lots within the Borough are reasonable and substantially related to the public health, safety and welfare; and the Ordinance, as interpreted by the Board, does not deny the Hospital equal protection. The trial court affirmed the decision.

When the constitutionality of a zoning ordinance is challenged, there is a presumption that the ordinance is valid, and the party challenging its validity has a heavy burden to prove that it is unconstitutional. *Layne v. Zoning Board of Adjustment of Pittsburgh*, 501 Pa. 224, 460 A.2d 1088 (1983); *Jones v. Zoning Hearing Board of McCandless*, 134 Pa.Commonwealth Ct. 435, 578 A.2d 1369 (1990). An ordinance is valid if it promotes public health, safety or welfare and its provisions are substantially related to the purpose it is to serve. *Verland C.L.A., Inc. v. Zoning Hearing Board of Moon*, 124 Pa.Commonwealth Ct. 150, 556 A.2d 4, *appeal denied*, 524 Pa. 615, 569 A.2d 1372 (1989); *Lynch Community Homes, Inc. Appeal*, 123 Pa.Commonwealth Ct. 278, 554 A.2d 155, *appeal denied*, 523 Pa. 644, 565 A.2d 1168 (1989). Fur-

ther, the lack of any rational relationship to a legitimate governmental purpose must be obvious. *Layne.*

 The Pennsylvania Supreme Court has adopted the standards and analysis of the United States Supreme Court in order to interpret and apply the equal protection provisions of the Pennsylvania Constitution. *Commonwealth v. Parker White Metal Co.,* 512 Pa. 74, 515 A.2d 1358 (1986). The analysis of an equal protection claim begins with a determination of the type of interest at issue. *James v. Southeastern Pennsylvania Transp. Auth.,* 505 Pa. 137, 477 A.2d 1302 (1984). The Supreme Court has determined that ordinances which provide parking restrictions involve neither suspect classes nor fundamental rights, and that the appropriate standard to be applied is the rational basis test. *Love v. Borough of Stroudsburg,* 528 Pa. 320, 597 A.2d 1137 (1991). Thus in order to sustain an equal protection claim under the Pennsylvania Constitution, the challenger must establish that the ordinance is arbitrary and unreasonable and has no substantial relationship to public health, safety, morals or general welfare. *Love; Farley v. Zoning Hearing Board of Lower Merion Township,* 161 Pa.Commonwealth Ct. 229, 636 A.2d 1232 (1994).[2]

 In the matter sub judice, Sections 308.2.10 and 309.2.1 of the Ordinance clearly permit private parking lots as accessory uses. The Borough Council argues that the Ordinance, as interpreted by the Board, rationally places restrictions on the location and types of parking facilities to be located within the Borough and furthers the Borough's interests in preventing destruction of the commercial vitality of its business district by precluding the entire district from being converted

---

2. The ordinance in *Love* created residential parking districts and granted a preference to residents of a given district while limiting the amount of time that non-residents may park within the area. The Court determined that the ordinance did not violate equal protection provisions because the purpose of the ordinance is to reduce hazardous traffic conditions, relieve over-burdened streets and roads, and allow residents of certain areas to park adjacent to or close by their residences which are legitimate governmental interests; and limiting the time allotted to non-residents is not an arbitrary or unreasonable method of achieving the governmental interest involved.

into a series of parking lots. However, while restricting the location and types of parking facilities to be located within the Borough may be legitimate governmental interests, the Ordinance, as applied to the Hospital, does not further those interests but improperly classifies and distinguishes between landowners whose principal place of business is within the Borough and landowners who own property in the Borough but have a principal place of business outside the Borough.

■ Moreover, since the lot is located within the Borough, it is subject to the Ordinance, and Sections 308.2.10 and 309.2.1 permit the requested accessory use. Consequently, the Borough's application of the Ordinance to the Hospital, as interpreted by the Board, is arbitrary and unreasonable since prohibiting a landowner from using its property in accordance with permitted accessory uses solely because the landowner's principal use is located outside the Borough bears no substantial relationship to public health, safety, morals or general welfare.[3] At the hearing, the Borough's zoning officer admitted that the Hospital's lot could meet the lot layout requirements of the Ordinance, which include setbacks and landscaping requirements.

■ Whenever a court concludes that an ordinance unlawfully restricts a use, the court:

> may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction thereof for further

---

**3.** This Court's resolution of the equal protection issue makes it unnecessary to decide whether the Ordinance impermissibly excludes private parking lots while allowing municipal parking lots, *Kavanagh v. London Grove Township*, 33 Pa.Commonwealth Ct. 420, 382 A.2d 148 (1978), *aff'd by an equally divided court*, 486 Pa. 133, 404 A.2d 393 (1979), *appeal dismissed*, 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980) (ordinance limiting the operation of a sanitary landfill to a municipality was not exclusionary); and whether the Ordinance is exclusionary because it only provides for private parking lots as accessory uses. *Borough Council of Churchill Borough v. Pagal, Inc.*, 74 Pa.Commonwealth Ct. 601, 460 A.2d 1214 (1983) (ordinance allowing restaurants only as accessory uses was exclusionary).

proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order.

Section 1006–A(c) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006–A(c). Thus the Hospital must be permitted to use the subject property for parking subject to reasonable restrictions as may be otherwise properly provided for in the Ordinance.

In *Appeal of Shore,* 524 Pa. 436, 573 A.2d 1011 (1990), the Supreme Court interpreted Section 1006–A(c) of the MPC as granting a trial court broad discretion in formulating zoning relief in connection with a successful challenge to the validity of an ordinance, and stated that the trial court is in the best position to judge whether the proposed use should be approved as filed or whether the governing body, under the supervision of the court, may require adherence to certain reasonable regulations. *See also Adams Outdoor Advertising, Ltd. v. Borough of Coopersburg Zoning Hearing Board,* 155 Pa.Commonwealth Ct. 591, 625 A.2d 768 (1993). Accordingly the order of the trial court is reversed and this case is remanded with directions for entry of an order consistent with Section 1006–A of the MPC and approval of the Hospital's proposed use as submitted or for remand to the appropriate governing body for the imposition of reasonable restrictions in accordance with the Ordinance.

## ORDER

AND NOW, this 26th day of April, 1994, the order of the Court of Common Pleas of Allegheny County is reversed and this case remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. I would hold that the distinction between permitting off-site accessory uses attendant to a main

use located in the Borough of Aspinwall (Borough) and not permitting such accessory uses while the main use is not located in the Borough is a rational one. I would also hold the Borough's zoning ordinance not to be exclusionary.

St. Margaret Memorial Hospital (Hospital) filed an application with the Borough for permission to operate a parking lot as accessory parking for employee and/or patient vehicles. While the proposed parking lot is in the Borough, the Hospital itself is located across the road from the lot that forms the boundary between the Borough and the City of Pittsburgh. The Hospital's application was denied and it then sought permission from the Borough's Zoning Hearing Board for either a variance or a continuation of a non-conforming use (the property had been a used-car lot). That, too, was denied because no non-conforming use was established and the unnecessary hardship necessary to grant a variance did not exist. The Hospital did not appeal those denials.

The Hospital instead sought a curative amendment from the Borough Council seeking to amend the Borough's zoning ordinance to permit the parking lot use. It contended that the Borough's zoning ordinance permits off-site accessory parking lots within 600 feet of a main use located within the Borough, and it unlawfully discriminates against off-site parking lot accessory uses by not permitting them when the main use is located in an adjacent municipality. The Hospital also contended that the ordinance was exclusionary because it only permitted parking lots owned by public bodies and not privately owned parking lots as main uses. The Borough Council denied the request for a curative amendment and the Hospital appealed to the trial court which affirmed the Borough Council's decision.

The majority reverses by holding that by permitting off-site parking as an accessory use for a main use located within the Borough and not those uses located in another municipality violates the Hospital's equal protection rights because such a restriction "bears no substantial relationship to the public health, safety, morals or general welfare." Because it allowed the parking lot on that basis, it properly did not reach the

issue of whether the zoning ordinance is exclusionary by allowing only public parking lots as a main use.

The main reason I disagree with the majority is that I believe there is a rational basis for making permission to have an off-site accessory use dependent on whether the main use is located in the Borough. Underlying a zoning ordinance is a land use plan developed as part of the local government's comprehensive plan. See Section 301 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10301. In developing a land use plan, the local government is required to take into consideration many factors, including topography, existing uses, intensity, character and timing of development, environmental consider-ations, but not in such a way as to exclude any legitimate use. In enacting its zoning ordinance, the Borough implemented the land use plan based on an overall scheme by designating zoning districts by use and intensity of use. Because both the type, number and intensity of accessory uses are directly related to the types and intensity of main uses permitted in a particular zoning district, to allow accessory uses regardless of whether the main use is located in adjoining municipality skews the other municipalities' land use plan, thereby adverse-ly impacting on the Borough's zoning ordinance.

By definition, accessory uses are contemplated as being dependent on a main use. When the Borough designated a main use in a particular district, it also determined the antici-pated intensity and uses of a particular type of accessory use. By allowing an accessory use in the Borough when the main use is in another municipality, that decision effectively allows the planning decisions of that entity to carry over to the other municipality. In this case, more accessory uses would be allowed than anticipated by the Borough's zoning ordinance. For example, if in this particular case, the Hospital wanted a larger parking lot, say, with two or three hundred cars, allowing such a lot as an accessory use could have the effect of destroying the viability of the town's small business district making the Borough's efforts at planning development worth-less. Because of the small size of the business district, such a

result would never have been envisioned or planned when off-site parking was allowed in the Borough's Zoning Code as an accessory use. Because making permission to have an accessory use dependent on the main use located within the Borough is not arbitrary, I would find that the ordinance does not violate equal protection.

Even if I didn't disagree with the majority and agreed that there is no rational basis to deny accessory uses based on where the main use is located, that does not mean that the Hospital should be automatically granted permission to operate an accessory off-site parking lot. The accessory parking lot is located in an A–2 Commercial District. Because an accessory use is considered the same as the main use, for the parking lot to be permitted, the Hospital's use would also have to be permitted in the A–2 district. *Fun Bun, Inc. v. Zoning Board of Adjustment*, 5 Pa.Commonwealth Ct. 439, 291 A.2d 344 (1972). Even if I agreed with the majority's holding that the difference in permitting accessory uses dependent on whether the main use is located within violates equal protection, in addition to requiring the Hospital on remand to meet site requirements (setbacks and landscaping), I would hold that the Hospital is also required to establish that a hospital use is permitted in an A–2 zoning district.

Finally, as to the issue of whether the Borough's permission of only publicly owned parking lots as a main use and not privately owned ones constitutes exclusionary zoning, *Kavanagh v. London Grove Township*, 33 Pa.Commonwealth Ct. 420, 382 A.2d 148 (1978), *aff'd by an equally divided court*, 486 Pa. 133, 404 A.2d 393 (1979), *appeal dismissed*, 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980), is presently controlling. In that case, we held that landfill uses were not excluded from a township even though only publicly owned landfills were permitted. While *Kavanagh's* holding may need to be revisited, we are bound by that decision.

Accordingly, I would affirm the trial court.