**COMMONWEALTH of Pennsylvania**

**v.**

**Norman and Susan MARCUS, Appellants.**

Commonwealth Court of Pennsylvania.

Argued June 13, 1996.

Decided March 10, 1997.

Michael J. McCaney, Jr., Blue Bell, for appellants.

R. Rex Herder, Jr., Willow Grove, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Norman and Susan Marcus (Marcuses) appeal from an order of the Court of Common Pleas of Montgomery County imposing a fine for their failure to comply with the terms and conditions of the approved building permit and site plan.

The Marcuses are the owners of the property located at 1696 Stocton Road, Abington Township (Township), Montgomery County. On July 28, 1987, the Marcuses submitted an application for a building permit to construct a single-family dwelling on their property. In the site plan attached to the application, the Marcuses set forth fourteen items of grading and erosion measures. Item No. 12 of those measures stated:

> Paved [sic] proposed driveway and stabilize all exposed areas with sod and/or seeding and soil supplements, PennDOT Formula B. Protect seeded areas with hay or mulch covering. Slopes greater than 3 to 1 shall be peg sodded, hydroseeded and/or seeded and protected with Erosion Control Netting.

On July 31, 1987, the Township approved the application and the site plan, subject to conditions that "soil erosion devices" must be used during construction and that "Contractor's Notes" attached to the permit must be carefully followed. Paragraph 4 of the Contractor's Notes stated: "At the completion of construction, the pervious areas of the property must be planted with grass seed, sod or a suitable vegetative cover to prevent erosion and sedimentation.... The contractor is responsible to provide erosion control devices."

The Marcuses began the construction in the summer of 1989. On October 19, 1990, the Township issued a temporary certificate of occupancy, setting forth four items to be completed before a permanent certificate of occupancy can be issued: (1) driveway paving; (2) removal of all dead trees and wood; (3) patching of fireplaces with cement; and (4) grading and landscaping. On June 13, 1991, the Township Code enforcement officer sent the Marcuses an enforcement notice by certified mail, stating that they must complete the items noted in the temporary certificate of occupancy by June 30, 1991, and that upon their failure to do so, the Township would issue a citation for violating the various provisions of the Township Code. The

Marcuses did not respond to the enforcement notice. Nor did they appeal the notice to the Township Zoning Hearing Board, as advised in the notice.

On October 3, 1991, the Code enforcement officer issued a second enforcement notice, directing the Marcuses to complete the items noted in the temporary certificate of occupancy by October 31, 1991. The notice stated that they must pave the driveway and seed or sod the property pursuant to the approved site plan. In a letter dated October 18, 1991, the Marcuses responded that they were not required to seed or sod because the grading and erosion control measures under the site plan are the items to be done only during construction.

When the Marcuses failed to complete the work as directed despite one more extension of the deadline, the Township on May 15, 1992 issued a citation for their failure to grade and seed or sod the property as required by the permit and the site plan in violation of Sections 111.6, 113.3, 113.4, 113.5 and 119.1 of the BOCA Basic/National Building Code/1984, Ninth Edition (BOCA Code) adopted by the Township Ordinance 1629 (Ordinance).[1]

Under Section 111.6, an applicant for a building permit must submit a site plan showing to scale the size and location of a new construction and all existing structures, street grades and proposed finished grades. Further, "[a]ll work shall conform to the approved application and plans for which the permit has been issued and any approved amendments thereto." Section 113.3. Finally, a certificate must be obtained from the Township before using or occupying a new building or structure. Section 119.1.

On July 2, 1992, the Township filed with the district justice the citation issued on May 15, 1992.[2] Following a hearing, the district justice found that the Marcuses violated the Ordinance as charged and imposed a fine in the amount of $1000 and costs. On appeal, the trial court found, after a de novo trial, that the Marcuses failed to seed or sod the exposed areas as required by the permit and the site plan in violation of Section 113.3 of the Ordinance and imposed a fine in the amount of $3900: $1000 for the first day of violation, plus $100 for each additional day of violation for twenty-nine days. The Marcuses' appeal to this Court followed.[3]

The Marcuses first contend that the trial court did not have authority to take judicial notice of the relevant provisions of the BOCA Code because the Commonwealth failed to submit a copy of the provisions of the Ordinance and authenticate it at the hearing.

Section 6107(a) of the Judicial Code, 42 Pa.C.S. § 6107(a), provides that "[t]he ordinances of municipal corporation of this Commonwealth *shall* be judicially noticed." (Emphasis added.) Further, "[t]he tribunal may inform itself of such ordinances in such manner as it may deem proper and the tribunal may call upon counsel to aid it in obtaining such information." 42 Pa.C.S. § 6107(b). Section 6107 of the Judicial Code is intended to remove any discretion of the court in determining whether to take judicial notice of an ordinance and provide the court with the authority to take whatever steps it deems necessary to apply an ordinance. *Dream Mile Club, Inc. v. Tobyhanna Township*

---

1. The BOCA Code is published by the Building Officials and Code Administrators International, Inc. Most part of the 1984 version of the BOCA Code was adopted by Ordinance 1629 on May 14, 1989, replacing the 1978 version of the BOCA Code from the Township Code. Section 2 of Ordinance 1629 lists the deletion, addition and other changes made to the Township Code. Sections 111.6, 113.3, 113.4, 113.5 and 119.1 are not among the changes made to the Township Code.

2. After the issuance of the citation, the Township and the Marcuses reached an agreement, under

which the Marcuses agreed to complete ground covering and landscaping by June 30, 1992. When the Marcuses failed to complete the work by the deadline, the Township filed the citation with the district justice.

3. This Court's scope of review of the trial court's decision in a zoning enforcement proceeding is limited to determining whether the trial court committed an abuse of discretion or an error of law. *Baker v. Commonwealth*, 135 Pa.Cmwlth. 597, 581 A.2d 1019 (1990).

*Board of Supervisors*, 150 Pa.Cmwlth. 309, 615 A.2d 931 (1992).

■ To prove a violation of an ordinance, the municipality need only offer evidence of facts establishing that the violation occurred. *Providence Builders, Inc. v. Commonwealth*, 89 Pa.Cmwlth. 316, 492 A.2d 488 (1985). However, counsel has an obligation under Section 6107 to take the initiative in requesting judicial notice of an ordinance by making the ordinance available to the court. *Dream Mile.*

In *Providence*, this Court noted that the ordinance was brought to the trial court's attention when the counsel had it marked as an exhibit and authenticated it by the zoning officer. However, the method used in *Providence* is not the only way of aiding the court in obtaining the relevant ordinance under Section 6107, as the Marcuses seem to suggest.

In the matter *sub judice*, the counsel for the Commonwealth submitted a trial memorandum to the trial court at the beginning of the hearing, setting forth Sections 111.6, 113.3, 113.4, 113.5, and 119.1 of the BOCA Code adopted by the Township and Section 117.4 of the Ordinance. Thus, the counsel fulfilled his obligation to aid the trial court in obtaining the relevant provisions of the Ordinance. Hence, the trial court properly took judicial notice of the Ordinance with the aid of the counsel, pursuant to Section 6107 of the Judicial Code.

■ The Marcuses next contend that the imposition of the fine should be vacated because the BOCA Code was adopted on May 14, 1989 after they obtained the Township's approval of the building permit and site plan

on July 31, 1987. The Commonwealth contends, on the other hand, that the Marcuses waived the issue because they failed to raise it before the trial court. Although the issue was not raised by the Marcuses in their trial memorandum and during the trial, we will address the issue because the trial court in its opinion disposed of the issue.[4]

■ The Marcuses argue that the Commonwealth failed to establish the *standards* applicable when the Township approved their application for the building permit and the site plan. In so arguing, however, the Marcuses do not dispute that they were required to obtain the Township's approval of the permit and the site plan under the specific standards set forth in the Ordinance then in effect. Further, they do not challenge the terms and conditions of the approved permit and site plan or their obligation to comply with them. Thus, the relevant issue is not whether the Township may impose new *standards* under the ordinance enacted after the issuance of the permit, but whether the Township was authorized to enforce the terms and conditions of the properly approved permit and site plan before issuing a permanent certificate of occupancy under the applicable ordinance.

■ Under Section 617 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10617, the municipality may institute *any* appropriate action or proceeding to prevent, correct or abate a building constructed in violation of any ordinance. *Township of Little Britain v. Lancaster County Turf Products, Inc.*, 146 Pa.Cmwlth. 211, 604 A.2d 1225 (1992).[5] Under Section 117.4 of the Ordinance, which was last amended on No-

---

4. The trial court held that the Marcuses waived the issue due to their failure to raise it in an omnibus pretrial motion. In a criminal case, a claim that an indictment or an information is defective is waived, if not raised in an omnibus pretrial motion filed pursuant to Pa. R.Crim.P. 306. *Commonwealth v. Gemelli*, 326 Pa. Superior Ct. 388, 474 A.2d 294 (1984). However, the Pennsylvania Rules of Criminal Procedure governing omnibus pretrial motions are inapplicable to a de novo summary appeal. *Department of Environmental Resources v. Blosenski Disposal Services*, 110 Pa.Cmwlth. 194, 532 A.2d 497 (1987), *aff'd*, 523 Pa. 274, 566 A.2d 845 (1989).

5. Under Section 617.2 of the MPC, added by Section 62 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2, a zoning enforcement proceeding is now civil rather than criminal. However, the defendants in such proceeding are afforded the same protection as the criminal defendants under the Pennsylvania Rules of Criminal Procedure. *Commonwealth v. Harchelroad*, 154 Pa.Cmwlth. 259, 623 A.2d 878 (1993), *appeal denied*, 535 Pa. 649, 633 A.2d 153 (1993).

vember 10, 1988 before the Marcuses began the construction, any person who constructs a building in violation of an approved permit or plan is liable for fines and penalties not exceeding $1000 for each day of the violation.

It is undisputed that the Marcuses failed to comply with the permit and the site plan even after they were directed to do so by the Township in the temporary certificate of occupancy issued in October 1990 and the subsequent enforcement notices. The Township was therefore authorized to commence a proceeding to enforce the terms and conditions of the approved permit and site plan before issuing a permanent certificate of occupancy.

■ The Marcuses nonetheless argue, based on their own interpretation of the site plan, that the grading and erosion control measures were only temporary measures to be taken during the construction, and that the Township therefore may not enforce them after completion of the construction. The purpose of the measures set forth in Item No. 12 of the site plan was to "stabilize all exposed areas." The trial court found that their failure to seed or sod the exposed areas resulted in the erosion and sedimentation. As the trial court aptly stated, the Marcuses' duty under the site plan "does not disappear, but continues" until they complete those measures. Trial Court's Opinion, p. 5.

■ The Marcuses further contend that the relevant provisions of the Ordinance are unconstitutionally vague. When the constitutionality of a zoning ordinance is challenged, there is a presumption that the ordinance is valid. *St. Margaret Memorial Hospital v. Borough Council of Borough of Aspinwall,* 163 Pa.Cmwlth. 595, 641 A.2d 1270 (1994). The party challenging the validity of the ordinance has a heavy burden of proving that the ordinance is unconstitutional. *Id.* An ordinance is unconstitutionally vague when persons of common intelligence must guess its meaning. *Farley v. Zoning Hearing Board of Lower Merion Township,* 161 Pa.Cmwlth. 229, 636 A.2d 1232 (1994), *appeal denied,* 539 Pa. 658, 651 A.2d 544 (1994).

■ The trial court found that the Marcuses violated Section 113.3 of the Ordinance requiring that all work must conform to the approved building permit and site plan. It is undisputed that the Marcuses were aware that the site plan specifically required them to pave the driveway and stabilize all exposed areas with sod, seeding and soil supplements, PennDOT Formula B. Therefore, we reject the Marcuses' contention that the requirements set forth in the Ordinance are unconstitutionally vague.

Finally, the Marcuses contend that the evidence in the record does not establish any erosion and sedimentation occurred on their property. However, the question of whether any erosion or sedimentation has actually occurred is not determinative of the issue of the Marcuses' failure to comply with the permit and the site plan. Moreover, the trial court accepted as credible the testimony of the Marcuses' neighbor and the photographs presented by the Commonwealth and found that the erosion and sedimentation actually took place on their property.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this *10th* day of *March,* 1997, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.