**Daniel J. ZANGRILLI and Dorothy M. Zangrilli, Appellants,**

v.

**ZONING HEARING BOARD OF BOROUGH OF DORMONT, and Borough of Dormont.**

Commonwealth Court of Pennsylvania.

Argued March 10, 1997.

Decided April 16, 1997.

Albert J. Zangrilli, Jr., Pittsburgh, for appellants.

Gregory Gleason, Pittsburgh, for appellees.

Before DOYLE and McGINLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Daniel and Dorothy Zangrilli (Landowners) appeal from an order of the Court of Common Pleas of Allegheny County that affirmed a decision by the Zoning Hearing Board (ZHB) of the Borough of Dormont (Borough) that denied Landowners' challenge to the validity of the Borough's zoning ordinance.

Landowners own a two-story residential dwelling in an R–2 residential district. A

detached two-car garage is located at the rear of the property opening onto an alley.

On July 16, 1995, the Borough served an enforcement notice upon Landowners to stop all auto repair maintenance work in the garage. This initial enforcement notice was withdrawn after it was discovered that Dorothy Zangrilli's name had been omitted. An amended enforcement notice was issued, again directing that all auto repair and maintenance work cease. Landowners had filed an appeal from the first enforcement notice and again appealed the second notice. The ZHB considered the appeal from the second notice only.[1]

The notice cited Section 501 of the ordinance which governs the uses in an R–2 district as being limited to single and two-family dwellings and to essential services. Section 201 of the ordinance was also cited in the notice. That section contains the definition for "private garage" as follows:

> Private Garage—An accessory building for the storage, repair and maintenance of motor vehicles owned and/or for the storage of not more than two (2) motor vehicles owned and used by persons other than the owners or tenants of the lot by lease agreement with the owners or tenants of the lot.

(Reproduced Record, p. 9a.) The notice cited Landowners' conduct as converting the garage at the rear of their property into an auto repair center, which the Borough contends is not a use by right in any residential district.

In the appeal to the ZHB Landowners did not contend that they were not using their garage to maintain and repair automobiles, but set forth a validity challenge based on violations of the equal protection and due process clauses of the United States and Pennsylvania Constitutions. Specifically, Landowners argued that the ordinance discriminates between carport and private parking lot owners and those who own private garages. In other words, Landowners contended that only landowners of private garages are prohibited from maintenance and repair activity and that owners of carports and driveways can do maintenance and repair work in residential districts.

The ZHB found that the property was being used "for the repair and maintenance of motor vehicles, including body work and painting. Evidence was presented that repairs were being made to a substantial number of vehicles." (ZHB's Decision, p. 3.) The ZHB concluded that Landowners failed to carry their burden of proof that the ordinance's prohibition of the repair of motor vehicles in private garages had no rational relationship with the health, safety and welfare of the community; thus, the ZHB denied Landowners' validity challenge. Without taking any testimony, the trial court affirmed and adopted the reasoning set forth in the ZHB's decision.

■ Landowners now appeal to this Court[2] and raise the following issues: (1) whether the ordinance violates the equal protection clauses of the United States and Pennsylvania Constitutions in that it permits a landowner to repair vehicles in carports, out of doors or in attached garages, but prohibits this activity within an enclosed private detached garage on a landowner's property; (2) whether the term "repair of motor vehicles" is too vague to support civil penalties thus violating the due process clauses of the United States and Pennsylvania Constitutions; (3) whether the ZHB erred in barring or limiting Landowners' attorney from cross-examining a municipality witness; (4) whether the ZHB erred in allowing attendees at the ZHB hearing to present their personal views; (5) whether substantial evidence supported the ZHB's finding that Landowners operated an auto repair center; and (6) whether the second enforcement notice hearing should have been stayed thus allowing a hearing and appeal from the first enforcement notice to proceed.

**1.** Ordinance 1449 was adopted by the Borough on July 3, 1995, and the second enforcement notice cites to portions of the new ordinance.

**2.** Our scope of review of a decision of a zoning hearing board where a trial court takes no additional evidence is limited to a determination of whether the zoning hearing board abused its discretion or committed an error of law. *Valley View Civic Assoc. v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

When analyzing a case wherein a landowner challenges the constitutionality of a zoning ordinance or a portion thereof, we begin by noting that a zoning ordinance is presumed to be valid. *BAC, Inc. v. Board of Supervisors of Millcreek Township*, 534 Pa. 381, 633 A.2d 144 (1993). The party challenging the validity of the ordinance assumes the burden of proving its invalidity. *Id.* An ordinance is valid if it promotes public health, safety or welfare and its provisions are substantially related to the purpose it is to serve. *St. Margaret Memorial Hospital v. Borough Council of Aspinwall*, 163 Pa. Cmwlth. 595, 641 A.2d 1270 (1994). Further, the lack of any rational relationship to a legitimate governmental purpose must be obvious. *Id.*

The analysis begins with the determination of the type of interest at issue. We believe that the type of interest involved here can be analogized to the interest of a municipality when it regulates parking within its borders. In *Love v. Borough of Stroudsburg*, 528 Pa. 320, 597 A.2d 1137 (1991), a non-resident of the borough filed a declaratory judgment action following his receipt of a ticket for violation of an ordinance that restricted parking over one hour by non-residents. In *Love*, the supreme court indicated that parking restrictions involve neither suspect classes nor fundamental rights and constitute a valid exercise of the municipality's police power with the appropriate standard being the rational basis test. *Id.* "Thus, in order for the classification to sustain constitutional attack it need only be directed at the accomplishment of a legitimate governmental interest, and to do so in a manner which is not arbitrary or unreasonable." *Id.* at 325–26, 597 A.2d at 1139–40 (quoting *Fischer v. Department of Public Welfare*, 509 Pa. 293, 310, 502 A.2d 114, 123 (1985)).

Landowners, in arguing that only those property owners with detached garages are prohibited from doing maintenance and repair work on vehicles, attempt to shift the burden to the municipality to prove what is the intended purpose of the ordinance's provisions. Moreover, Landowners have failed to provide evidence that they are treated differently than other residents in the R–2 district. A review of the record reveals that vehicle repair is not permitted anywhere in the R–2 district.[3]

Furthermore, in determining whether a classification is rational, a court is free to hypothesize the reasons the legislature might have had for its classification. *See Martin v. Unemployment Compensation Board of Review*, 502 Pa. 282, 466 A.2d 107 (1983), *cert. denied*, 466 U.S. 952, 104 S.Ct. 2156, 80 L.Ed.2d 541 (1984). Courts do not require record evidence to justify the classification nor do they require the legislative history to show that the legislature had considered the particular rationale that satisfies the court. *Id.* Obviously, a garage in which major vehicle repairs and painting are performed can produce noise, fumes, dirt and other emanations that would disturb the residential character of the area. The prevention of this interference is a legitimate governmental interest and in the present case was not achieved in an arbitrary or unreasonable manner. Therefore, we conclude that the trial court correctly affirmed the ZHB's determination that Landowners' failed to carry their burden of proving that the ordinance was unconstitutional on an equal protection basis.

Next we address Landowners' vagueness argument that centers on the words "repair of motor vehicles" as used in Section 201 of the ordinance. The contention is that this section is so vague that it even prohibits a landowner from changing a hub cap on his own vehicle. Landowners also contend that a resident must guess at the meaning of the clause and can be subjected to fines if they interpret it incorrectly.

Having difficulty ascertaining the meaning of statutory language and determining whether certain acts fall within the coverage of that language because of vagueness does not necessarily render a statute uncon-

---

3. The ZHB explained that the auto repair prohibition extends to any structure, garage or carport in the R–2 district, but that auto repair is allowed in other districts of the Borough. Additionally, the Borough Administrative Director and Zoning Officer testified that he would have taken similar action if the same type of activity had been conducted in a carport.

stitutional under the concept of due process unless the language "fails to convey sufficiently definite warning as to proscribed conduct when measured against common understanding and practices." *Slovak–American Citizens Club of Oakview v. Pennsylvania Liquor Control Board,* 120 Pa.Cmwlth. 528, 549 A.2d 251, 253 (1988). After reviewing the record, we conclude that Landowners argument is disingenuous at best. For a landowner to do simple repairs or standard maintenance on his or her own vehicle is the common understanding and practice in most communities. What is not accepted nor understood with regard to the repair of vehicles in ones own garage is the conduct described by witnesses and found by the ZHB to have taken place in Landowners' garage. Thus, we again conclude that the trial court correctly affirmed the decision of the ZHB.

■ Landowners' third issue concerns what they deem to be a denial of the right to cross-examine a witness (Ms. Bougher). Landowners contend Ms. Bougher was emotionally unstable and had a personal vendetta against them, which was evidenced by legal complaints she filed against them with the District Magistrate. To bolster this argument Landowners rely on Sections 908(5) and (6) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(5) and (6), which provide that:

(5) The parties shall have the right to be represented by counsel and shall be afforded the opportunity to respond and present evidence and argument and cross-examine adverse witnesses on all relevant issues.

(6) Formal rules of evidence shall not apply, but irrelevant, immaterial, or unduly repetitious evidence may be excluded.

However, Landowners misconstrue the language of these two sections of the MPC. Both sections indicate that testimony on *relevant* issues should be elicited and that irrelevant and immaterial evidence may be excluded. In reviewing Ms. Bougher's testimony, it appears that cross-examination was not denied but was limited to what the witness saw and had first hand knowledge of concerning relevant issues before the ZHB. In limiting the cross-examination, the ZHB attempted to keep the testimony focused on the necessary elements involved with Landowners' validity challenge. The ZHB did not err in this regard.

■ Landowners next argue that the ZHB erred in allowing public comment at the hearing, which Landowners allege prejudiced their rights; however, they present no citations to support this viewpoint. On the other hand, the ZHB contends that pursuant to Section 908 of the MPC, 53 P.S. § 10908, its meetings are open and advertised to permit public participation. Those that can be heard include persons affected as well as other individuals and civic or community groups. Again, the ZHB did not err by allowing public comment.

■ Landowners next argue that the ZHB's finding that they operated a vehicle repair garage is not based on substantial evidence. They contend that the implication is that they are operating a commercial enterprise. Although there is no evidence that a commercial enterprise exists, there is clearly evidence showing that Landowners repaired and maintained more cars than just their own on a frequent basis. Moreover, the lack of evidence to prove the existence of a commercial establishment is of no moment. It is the type and amount of repair work that is at issue here. Our review of the record reveals that substantial evidence supports the ZHB's findings of fact, particularly, with regard to the activities taking place on the premises that are beyond what is allowed in an R–2 zoning district.

■ As for the last issue, Landowners again cite no authority that would prohibit the withdrawal of an enforcement notice when found to be incorrect. Landowners do not show how they are prejudiced by the withdrawal of the first notice and, moreover, in light of the minor change in the ordinance passed in the interim, we conclude that the first enforcement notice became moot.

Based upon the foregoing, we affirm the trial court's decision denying Landowners' validity challenge.

### ORDER

NOW, April 16, 1997, the order of the Court of Common Pleas of Allegheny County, dated September 25, 1996, at No. S.A. 2968–95, is affirmed.